The People of the State of New York, Respondent, v. Peter A. Seiler, Appellant.

Crimes — murder in first degree — trial — charge — under indictment in common-law form murder in first degree may be proved by showing killing while defendant was engaged in commission of felony — proper refusal to charge lesser degrees of homicide — order of trial prescribed by statute will ordinarily be followed but court may vary prescribed order — right to open and close — ruling that prescribed order should be followed constitutes no reversible error where no compelling reason existed for variation.

1. Upon trial of an indictment in common-law form for murder in the first degree the People may prove the charge by showing that the homicide occurred while the defendant was engaged in the commission of a felony.

2. Where under the evidence presented, if the defendant was guilty of any penal offense, he was guilty of the crime of murder in the first degree, on the ground that the killing occurred while defendant and companions were taking by force property from the persons of others, and there is no evidence which upon any other logical theory would make the defendant share in the guilt of the slayer, it was proper for the court to charge that the jury must acquit the defendant unless it found that he was engaged in the robbery and to refuse to charge the lesser degrees of homicide. (*People* v. *Koerber*, 244 N. Y. 147, distinguished.)

3. Section 388 of the Code of Criminal Procedure prescribes the order in which a criminal trial should proceed and ordinarily it will be followed but it does not take from the trial court all power to vary the prescribed order where it appears that variation would facilitate the course of justice in that particular case. Even assuming, however, that the trial judge believed that the statute had deprived him of this power, his ruling that the order prescribed by the Legislature should be followed and that failure of counsel for defendant to open his defense immediately after the opening of counsel for the People would be considered a waiver of the right to open, and a refusal thereafter to permit defendant's counsel to open on the ground that under the statute he had waived that right, constitute no reversible error where it does not appear that any compelling reason existed for variation.

(Argued October 12, 1927; decided October 28, 1927.)

APPEAL from a judgment of the Court of General Sessions in the county of New York, rendered May 16, 1927, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Frederick L. Hackenburg* and *Maurice Bloch* for appellant. The indictment did not authorize a conviction of the defendant for murder in the first degree in the course of a felony. (*People* v. *Hoffman*, 219 App. Div. 334; 245 N. Y. 588; *People* v. *Schleiman*, 197 N. Y. 385; *People* v. *Norman*, 231 N. Y. 454.) The substantial rights of the defendant were invaded and his conviction was without due process of law and in violation of the Constitution and statute as provided in capital cases. (*Waissikoski* v. *Phil., etc., Co.*, 173 App. Div. 538; 228 N. Y. 581; *Matter of Boyle* v. *Walsh*, 217 App. Div. 461; *Cancemi* v. *People*, 18 N. Y. 128; *Maurer* v. *People*, 43 N. Y. 4; *Messner* v. *People*, 45 N. Y. 1; *People* v. *Palmer*, 43 Hun, 401; *Hoyt* v. *People*, 110 U. S. 575; *People* v. *Bush*, 68 Cal. 630; *Foster* v. *State*, 70 Miss. 763; *People* v. *Cosmo*, 205 N. Y. 91.) It was error for the court to refuse to charge the jury that they could bring in a verdict for a lesser degree than that charged in the indictment. (*People* v. *Schleiman*, 197 N. Y. 383; *People* v. *Van Norman*, 231 N. Y. 454; *People* v. *Koerber*, 244 N. Y. 147.)

*Joab H. Banton, District Attorney* (*Robert C. Taylor* of counsel), for respondent. Defendant's claim of intoxication was fully and fairly submitted to the jurors. Their verdict imports that they concluded that defendant was not so intoxicated as to disable his mental faculties. This court will accept their finding as concluding that issue. (*People* v. *Mills*, 98 N. Y. 176; *People* v. *Fish*, 125 N. Y. 136; *People* v. *Leonardi*, 143 N. Y. 360; *People* v. *Miles*, 143 N. Y. 383; *People* v. *Krist*, 168 N. Y. 19; *People* v. *Pekarz*, 185 N. Y. 470; *People* v. *Furlong*, 187 N. Y. 198.) The court properly refused to submit lesser degrees of homicide to the jury. (*People* v. *Chapman*, 224 N. Y.

463; *People* v. *Schleiman,* 197 N. Y. 383; *People* v. *Lingley,* 208 N. Y. 597; 207 N. Y. 396; *People* v. *Muehlfeldt,* 209 N. Y. 550; *People* v. *Draniewicz,* 213 N. Y. 695; *People* v. *Talas,* 218 N. Y. 747; *People* v. *Rosenwasser,* 233 N. Y. 505; *People* v. *Van Norman,* 231 N. Y. 454; *People* v. *Koerber,* 244 N. Y. 147; *People* v. *Wagner,* 245 N. Y. 143; *People* v. *Moran,* 246 N. Y. 100.) A trial court would have inherent power to depart from the strict letter of section 388 of the Code of Criminal Procedure. (*People* v. *Koerner,* 154 N. Y. 355.)

LEHMAN, J. The defendant has been indicted and convicted of the crime of murder in the first degree. The indictment charges in common-law form that the defendant and two other men, jointly indicted, but not tried with the defendant, " willfully, feloniously and of their malice aforethought " did assault one James Masterson and inflicted upon him a mortal wound with a pistol held against the said James Masterson, and that " the said defendants him, the said James Masterson, in the manner and form and by the means aforesaid, willfully, feloniously and of their malice aforethought did kill and murder." The evidence produced by the People fully sustains the charge contained in the indictment.

It was shown at the trial by the witnesses for the People that on the 31st day of January, 1927, James Masterson was shot and killed while visiting premises which were used for the illicit sale of liquor. A number of other persons were present, customers of the place. The defendant Seiler, in conjunction with three other men, at the point of a pistol compelled those who were at that time in the place to go behind the bar. There the defendant took money and jewelry from their persons and took and carried away the contents of a cash register.

Masterson was killed by one of the defendant's party. The defendant admits that he was present and that he had a pistol in his hand and took money and property

from the cash register and from the persons of customers of the place. He asserts that he did not fire the fatal shot or any other shot. Even though there is some testimony produced by the People which may seem to contradict this assertion, the defendant's story is corroborated upon this point by the great weight of evidence. No conviction of the crime of murder could rest upon a finding that the defendant, in spite of his denial, fired the bullet which inflicted the wound of which Masterson died. That bullet concededly could not possibly have been shot from an automatic pistol, and not only the defendant's assertion but testimony produced by the People establishes that the defendant held an automatic pistol and that some other member of his party fired the shot which killed Masterson. The defendant's counsel in his summing up to the jury stressed his claim that the defendant did not actually fire this shot. The prosecuting attorney in his summing up admitted that any claim that the defendant fired this shot would be contrary to the testimony of " my witnesses, every one of them almost," and stated that " after all, the theory of the prosecution and the law under which we as prosecutors, are proving our case, is in the commission of a felony." The trial judge correctly charged the jury without exception that " if the defendant was engaged in the commission of a robbery, which is a felony, at the time the deceased was shot, it would then be immaterial whether the defendant actually fired the shot that killed Masterson."

We have repeatedly pointed out that upon an indictment, in common-law form, of murder in the first degree the People may prove the charge by showing that the homicide occurred while the defendant was engaged in the commission of a felony. (*People* v. *Nichols*, 230 N. Y. 221.) Indisputably, Masterson was killed while the defendant and his companions were taking, by force, property from the persons of others, while armed with dangerous weapons. The defendant was engaged in the

commission of the felony of robbery if he acted voluntarily and with intent to steal the property he was taking. The defendant testified he acted under coercion and fear and not as a free agent. He claims also that before the homicide he drank so much intoxicating liquor that he was unable to form any intent to steal. The trial judge left to the jury the question of whether the defendant committed the felony of robbery voluntarily, without coercion and with specific intent to steal. The jury found against the defendant.

If the defendant was guilty of the felony of robbery, the jury was bound to find him guilty of murder in the first degree. So the statute commands. So the judge has charged. So the jury has found. The State did not seek to fasten penal responsibility of any kind upon the defendant for the homicide of Masterson except upon the theory that the homicide occurred while the defendant was engaged in a robbery. The trial judge charged that the jury must acquit the defendant unless it found that the defendant was so engaged. Counsel for the defendant requested the trial judge to charge the various degrees of homicide. It is said that his refusal of this request is contrary to our recent decision in *People* v. *Koerber* (244 N. Y. 147) and constitutes reversible error. We find nothing in that decision which might be regarded as authority for the defendant's request.

Section 610 of the Penal Law provides that " upon the trial of an indictment, the prisoner may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime." Of course the prisoner " may be convicted " of a crime or an attempt to commit a crime of any degree only where the evidence would justify such conviction. A jury may not convict a person of crime in any degree unless the evidence justifies a finding by the jury that the prisoner has committed those acts

which according to statutory definition constitute that crime. Acquittal of the defendant on the charge contained in the indictment cannot furnish basis for conviction of a lesser degree of crime which the evidence does not show the defendant committed. Accordingly this court held in *People* v. *Schleiman* (197 N. Y. 383) that where a prisoner has been tried upon the charge of murder in the first degree, perpetrated while he was engaged in the commission of a felony, the court was not required to charge the law applicable to lesser degrees of homicide when the jury could not, upon the evidence submitted, properly find the elements which must be present where guilt of such lesser degrees of homicide exists.

This court at the same time pointed out that where a defendant is tried under any form of indictment upon a charge of murder in the first degree committed from a deliberate and premeditated design to effect death, the general rule is that the court must charge the jury upon the law applicable to other degrees of homicide. This court did not base distinction on technical form of indictment or on other ground than that the court may confine its instruction to the jury to those degrees of the crime charged in the indictment, of which, *under the evidence*, the jury might find the defendant guilty. However strong the evidence of deliberate and premediated design may be, the jury alone has power to find that fact and may refuse to find it. It may refuse to find even intent to effect death and then there can be a conviction only of manslaughter. In some cases the court may deem refusal by the jury to find a higher degree of crime unreasonable, yet a verdict of guilty of lesser degree is within the power of the jury if based on evidence which establishes at least all the elements of the crime of lesser degree. The case is logically different where a verdict of guilty of a lesser degree of the crime charged depends not merely upon the failure of the jury to find some element of crime which in the opinion of the court has been

clearly proven, but upon an affirmative finding of fact which is not sufficiently supported by the evidence.

In *People* v. *Koerber* (*supra*) a majority of this court found that the evidence presented a situation where the jury might be justified in finding *under the evidence* that the defendant, tried under a common-law form of indictment upon a charge of murder while engaged in the commission of a felony, was guilty of some degree of murder or manslaughter, though the homicide did not occur while the defendant was committing a felony. We did not modify or limit the rule announced in our earlier decisions. We applied that rule to the particular evidence there placed before the jury. That evidence concededly established that the defendant himself had fired the death-bearing bullets and showed other circumstances which might justify a verdict of guilty of murder in the second degree or of manslaughter.

In the case now under consideration the jury could not properly find that the defendant himself killed Masterson. Unless Masterson was killed during the commission of a felony by the defendant, no evidence here presented would justify an affirmative finding which upon any logical theory would make the defendant share in the guilt of the slayer. The jury may not find the defendant guilty of a crime he did not commit and the court was not required to charge the jury upon degrees of crime, of which the jury would not be justified in finding the defendant guilty under the evidence.

It is said that the result is that the law treats with greater harshness the accessory to the murder than the murderer himself. Doubtless there are cases where a jury, instructed that it has the power to find the defendant guilty of a lesser degree of homicide than charged, will exercise that power, though it would bring in a verdict of guilty as charged if no other alternative were presented. On the other hand, a jury may at times bring in a verdict of not guilty though it is convinced of guilt if it quails

before the responsibility of bringing in a verdict which carries with it the penalty of death. Where the evidence proves the defendant guilty of murder in the first degree and the jury believes that evidence, the defendant may be helped or harmed by a charge that the jury has power to convict of a lesser degree of homicide, according to the steadfastness and conscientiousness of the particular jury sitting in that case. If sometimes as a result the guilty escapes or juries mete out unequal justice, it lies with the Legislature to determine whether these considerations should dictate some change in the law. Certainly if the defendant is not guilty of the crime charged he may not be convicted of a lesser degree of crime he did not commit. The courts may not permit the conviction of a defendant of any crime or degree of crime which the jury cannot under the evidence by the exercise of reason find the defendant has committed. Under the evidence here presented if the defendant is guilty of any penal offense he is guilty of the crime of murder in the first degree, and the jury could not find that the evidence established any lesser degree of crime of homicide if he was not a party to the robbery. The charge upon that point was correct.

After counsel for the People had made his opening statement to the jury, the court directed the defendant's counsel to open his defense in accordance with the provisions of section 388 of the Code of Criminal Procedure, as amended by chapter 417 of the Laws of 1926, and stated that if he did not do so the court would rule that he waived his right to open to the jury. At that time counsel for defendant protested against such ruling. After the People had offered evidence in support of the indictment, the court refused to permit the defendant's counsel to open on the ground that under the statute he had waived this right. It is said that this ruling constitutes reversible error.

The statute prescribes the order in which the trial

should proceed. Ordinarily it will be followed. We do not construe it as taking from the trial court all power to control the manner in which the trial should proceed and to vary the prescribed order where it appears to the court that variation would facilitate the course of justice in that particular case. Even if we should assume that the trial judge believed that the statute had deprived him of this power, his ruling that the order prescribed by the Legislature should be followed, constitutes no reversible error where it does not appear that any compelling reason exists for variation.

We have examined the other claims of error in the case. We find them without substance and the record discloses no reversible error. The judgment of conviction should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.