THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY MURCH, Appellant.

(Argued December 11, 1933; decided January 9, 1934.)

*Joseph Lonardo, Dana Wallace, A. M. Brownstein* and *H. Irwin Brownstein* for appellant. The court's refusal to charge the manslaughter degrees of homicide deprived defendant of a substantial right, and presents reversible error. A defendant over twelve and under sixteen years of age, charged with murder, is entitled to the same trial and to the same charge by the court as an adult. (*Matter of Knowack*, 158 N. Y. 482; *People* v. *Lewis*, 260 N. Y. 171; *People* v. *Fitzgerald*, 244 N. Y. 307.) The court would not be divested of jurisdiction by a verdict of a crime over which it had no original jurisdiction, and would have had power to impose only the punishment prescribed for the

lower crime. (*State* v. *Shepard*, 10 Iowa, 126; *Boyd* v. *State*, 4 Minn. 237; *State* v. *De Laney*, 28 La. Ann. 433; *People* v. *Schoenith*, 7 N. W. Rep. 70; *Winburn* v. *State*, 9 So. Rep. 694; *Matter of Bell*, 34 Pac. Rep. 641; *Fleming* v. *State*, 18 So. Rep. 263; *Reynolds* v. *Comm.*, 27 S. E. Rep. 427; *State* v. *Scott*, 57 Atl. Rep. 534; *State* v. *Lucas*, 51 S. E. Rep. 1021; *Howland* v. *State*, 268 S. W. Rep. 115.)

*Charles S. Colden*, District Attorney (*Mordecai Konawitz* of counsel), for respondent. The defendant could not be guilty of manslaughter and such a verdict would have been a nullity. (Penal Law, § 2186; *People* v. *Fitzgerald* 244 N. Y. 307; *People* v. *Lewis*, 260 N. Y. 171; *People* v. *Roper*, 259 N. Y. 170.) Proof that defendant committed acts which if committed by an adult would be manslaughter, cannot establish his guilt of the felony. The effect is the same as if the Legislature had expressly declared that no child under the age of sixteen years can be guilty of manslaughter. (*People* v. *Roper*, 259 N. Y. 170; *People* v. *Schleiman*, 197 N. Y. 383; *People* v. *Van Norman*, 231 N. Y. 454; *People* v. *Seiler*, 246 N. Y. 262; *People* v. *Miller*, 143 App. Div. 251.)

CROUCH, J. The defendant was indicted for the crime of murder in the first degree. His age, when the crime was committed, was fifteen years, ten months and six days. He was tried upon the theory that the killing was premeditated, deliberate and with felonious intent. He was convicted of the crime of murder in the second degree. The judgment of conviction was affirmed by the Appellate Division. The case is here upon a certificate by a judge of this court.

The material facts are undisputed. The defendant, his victim, Willie Bender, twelve years old, one Johnny Miller, ten years old, and his sister, Grace Miller, thirteen years old, were neighbors in Richmond Hill Circle, a partially developed section of Queens county. On January 31, 1933, after school was out, the defendant

met Johnny Miller and told him "he was going to get the Bender boy for letting all around that he had hit the lady over the head;" and that if Johnny did not go along with him, he would do the same thing to Johnny. Together they went to the garage at the defendant's home, where defendant tore a piece of cloth from a rag, picked up some rope and put them in his pocket. They then set out to find the Bender boy and on the way defendant secured a knife — "like a potato knife"— which he had previously found at a dump and had hidden "down by the bridge." Having found the Bender boy, defendant said to him, "I'll show you how we are going to tie up the peanut man and stab him." At defendant's suggestion, they all went to an unfinished house in the neighborhood, climbed in and then up to a rear room on the second floor. Defendant said to Johnny Miller, "first we will try it on you;" and he tied Johnny's legs and hands with rope and then released him. Thereupon he said to the Bender boy, "we will try it on you next." The defendant tied the Bender boy's hands and feet with the rope and covered his eyes and mouth with the strip of cloth. Then defendant said, "I'll put my finger where we are going to stab the peanut man." He pulled up the Bender boy's clothes, took out the knife and stabbed him through the heart, causing his death. The two boys then ran out and went to the Miller house, dropping the knife on the way near a creek. The defendant told Grace Miller, who was then in the house, that he had stabbed Willie Bender with a knife. She went out, found the knife, threw it in the creek whence it was later recovered, and told the defendant to go home. No trace of the missing boy was discovered until February 15th, when the body was found by a carpenter who had entered the unfinished house for purposes of inspection.

In his charge to the jury the trial judge, having given apposite instructions concerning murder in the first degree by premeditation and murder in the second degree,

then charged as follows: "An infant under sixteen years of age can be indicted and tried for murder in the first degree or murder in the second degree and nothing else. Any other offense, committed by a defendant under sixteen years of age is juvenile delinquency which is not a crime." In conclusion the jury was told that its verdict might be one of three: guilty of murder in the first degree, or in the second degree, or not guilty. To the instructions so given an exception was taken. To refusals upon requests to charge the lower degrees of homicide and to permit the jury to find thereunder, exceptions were also taken. These exceptions raise the only substantial question of law in the case.

The contention of the appellant is that under the provisions of section 610 of the Penal Law and of section 444 of the Code of Criminal Procedure, the trial judge was required to charge the lesser degrees of homicide. Those sections provide, in substance, that upon an indictment for a crime consisting of different degrees, the jury may convict of the degree charged or may acquit thereof and convict of a lesser degree, or of an attempt to commit the one or the other. But the power to convict of a lesser degree or of an attempt exists "only where the evidence would justify such conviction." (*People* v. *Seiler*, 246 N. Y. 262, 266.)

We will assume — though the evidence makes the assumption somewhat difficult — that if the defendant had been over the age of sixteen years or an adult, it would have been error not to charge the degrees of manslaughter. But since the defendant was under the age of sixteen, the duty of the judge to instruct the jury and the power of the jury to act under the two sections in question were both limited by other statutes. Section 2186 of the Penal Law provides that "a child of more than seven and less than sixteen years of age, who shall commit any act or omission which, if committed by an adult,

would be a crime not punishable by death or life imprisonment, shall not be deemed guilty of any crime, but of juvenile delinquency only."

The definition of the word "delinquent" in section 486 of the Penal Law relating to delinquent children includes "any child over seven and under sixteen years of age * * * who commits any act which if committed by an adult would be a crime not punishable by death or life imprisonment."

The legislative history of those sections as well as the unmistakable implications of the language used, show a clear intent to remove from the category of crime any and all law-breaking acts committed by a child between the ages of seven and sixteen years, except those punishable by death or life imprisonment. The conclusive presumption of incapacity which has always existed in the case of a child under seven years of age is, as to those acts, now applied to a child between the stated ages. The Penal Law decrees "that the acts of a child shall, in all cases other than acts constituting a felony punishable by death or life imprisonment, be treated as if done without the 'evil mind' which characterizes felonious intent." (*People* v. *Roper*, 259 N. Y. 170, 177.) That legislative intent has been implemented by the Children's Court Acts (See, for the jurisdiction here involved, chapter 254 of the Laws of 1924) which give to those courts exclusive jurisdiction to hear and determine the cases of children under the age of sixteen years who are charged with juvenile delinquency. The result is that the only crimes which a child under sixteen years of age is capable of committing are treason, murder in the first degree and murder in the second degree; and that as to those crimes alone, in the case of such a child, have the criminal courts jurisdiction.

The trial judge, therefore, was well within the law when he charged as he did and when he refused to charge in the language requested. There was no jurisdiction in the

County Court of Queens county to try this defendant for manslaughter in either degree, since he was legally incapable of committing manslaughter. A verdict of manslaughter or of juvenile delinquency would have been a nullity under the existing statutes.

It is urged that this construction of the statutes deprives a defendant under the age of sixteen years of a substantial right. What is referred to as a substantial right is merely the possible chance that the jury may convict of manslaughter instead of murder. While the rule embodied in section 610 of the Penal Law and section 444 of the Code of Criminal Procedure was intended merely to prevent the prosecution from failing where some element of the crime charged was not made out (Cf. *People* v. *Miller,* 143 App. Div. 251), it has resulted in conferring upon the jury a discretionary choice of verdicts which may or may not work mercy. (*People* v. *Seiler, supra,* pp. 268, 269.) In any event, a defendant's chances in a case like this are enlarged rather than restricted, for the jury has the option of finding him not guilty upon facts which might lead to a conviction for manslaughter in the case of an adult or of one over the age of sixteen years.

The one point of this case upon which any doubt at all exists, is whether or not the jury, under the instructions given, understood clearly the scope of its choice of verdicts. Merely to tell the jury that any offense other than murder in the first degree or murder in the second degree committed by a defendant under sixteen years of age is juvenile delinquency, and that juvenile delinquency is not a crime, was to state the law somewhat baldly. Section 420 of the Code of Criminal Procedure contemplates information to the jury on all matters of law necessary in giving its verdict. It is conceivable that a jury in a case of this kind could perform its duty more intelligently if it were told what acts by an adult would constitute manslaughter; that like acts by the defendant would not be a crime but would be juvenile delinquency, and, if

found on the evidence to have been committed by him, would lead to an acquittal; but that the defendant nevertheless could be dealt with as a juvenile delinquent, and in that case what the consequences would be and why. But the trial judge here was not requested to charge as to any of those matters. His omission to do so, if error at all, was error of fact and not of law.

Finding no error of law, the judgment should be affirmed.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.