STATE EX REL. IMEL *v*. MUNICIPAL COURT OF MARION COUNTY NO. 3, ET AL.

[No. 28,296.  Filed April 15, 1947.]

*Sherwood Blue,* of Indianapolis, for relator.

*David M. Lewis, Lewis, Goett and Elliott,* of Indianapolis, for respondents.

*Amicus Curiae: Joseph O. Hoffman,* of Indianapolis; *Cleon H. Foust,* Attorney General of Indiana, and *Frank E. Coughlin,* First Deputy Attorney General.

YOUNG, J.—On March 18, 1947, relator shot and killed his stepmother, and on the following day an affidavit was filed in the Juvenile Court of Marion County wherein relator was charged with being a delinquent child by reason of said killing. He was at the time in his 15th year. He was released to his father by the Judge of the Juvenile Court.

On the following day, the Prosecuting Attorney for the 19th Judicial Circuit of the State of Indiana caused an affidavit to be filed in the Municipal Court of Marion County, wherein relator was charged with the premeditated murder of his stepmother for which the penalty is death or life imprisonment. A warrant for his arrest was issued upon said affidavit and relator was arrested and taken before the respondent judge, who heard evidence at the conclusion of which relator's counsel made an oral motion for the discharge of relator, which respondent judge took under advisement and placed relator in the custody of the sheriff and continued the case until March 25, 1947. Prior to that date, relator

filed his petition herein for a writ prohibiting the respondent judge from continuing the detention and confinement of the relator in the custody of the sheriff and from interfering with or obstructing the order of the Juvenile Court releasing relator to his father and from exercising any further jurisdiction of the relator and further asking that said respondent judge be mandated to order release of relator from the Marion County Jail and from the custody of the sheriff and to transfer said cause to the Juvenile Court. A temporary writ was issued by this court.

We are not confronted in this case with any consideration of the soundness of the philosophy or purpose or wisdom of the Indiana statutes having to do with the handling of delinquents under the age of 18 years. Such considerations are for the Legislature. Our sole concern is with the construction of those statutes, and relevant statutes with reference to the Municipal Court of Marion County, and determination of the conflicting claims to jurisdiction by the Juvenile Court and the Municipal Court under such statutes and the facts before us.

We start with the thought that the ordinary rules of criminal law and procedure are applicable to a 14 year old boy, unless the Legislature has declared otherwise, and the only statutes called to our attention as being pertinent or providing special law or procedure for juvenile offenders are chapters 347 and 356 of the Acts of 1945. §§ 9-3101 *et seq.* and 9-3224 *et seq.*, Burns' 1942 Replacement (Supp.). Chapter 347 creates juvenile courts in Marion and other counties in Indiana and defines their powers and jurisdiction. Section 3 thereof [§ 9-3103, Burns' 1942 Replacement (Supp.)] reads as follows:

"The juvenile courts created by this Act shall have original exclusive jurisdiction . . . in all cases of delinquent . . . children *as defined by law*." (Our italics.)

Chapter 356 of the Acts of 1945 defines delinquent children and fixes procedure where they are concerned, and § 4 thereof [§ 9-3204, Burns' 1942 Replacement (Supp.)], so far as material to this case, defines a delinquent child as any boy or girl "under the full age of 18 years, who . . . commits an act which, if committed by an adult, would be a crime not punishable by death or life imprisonment." Section 13 of the Act provides that if a charge of a criminal nature is made against a boy or girl under the age of 18 years in any other court than the juvenile court such case shall be transferred to the juvenile court, excepting, however, cases wherein children are charged with violation of law, which, if committed by an adult, would be a capital offense.

So we find the jurisdiction of the juvenile court, for the purposes of the case, limited to *delinquent children as defined by law*, and we find that the words ■ "delinquent children," as defined by the act, do not include a child who has committed an act which, if committed by an adult, would be a crime punishable by death or life imprisonment. And § 13 of ch. 356 of the Acts of 1945, [§ 9-3213, Burns' 1942 Replacement (Supp.)] provides that where such an offense is charged the provisions for removal to juvenile courts are inoperative, thereby leaving the prosecution of persons under the age of 18 years charged with such offenses to the courts which would have jurisdiction thereof and to the procedure which would prevail if there were no juvenile court act.

We do not believe it was the intent of the Legislature, as disclosed by the language used in the statutes referred to, to give the juvenile court jurisdiction ■ of juveniles *charged* with premeditated murder.

It seems to us, therefore, that under the facts in this case the juvenile court was without jurisdiction. *People* v. *Murch* (1934), 263 N. Y. 285, 189 N. E. 220, is in accord with this conclusion.

Relator further contends that the Municipal Court of Marion County is without jurisdiction as a committing magistrate in felony cases. With this we can not ■ agree. The Act of 1925, which created the municipal court, § 4-2502, Burns' 1946 Replacement, in defining its jurisdiction says: "Second, said court shall have the same jurisdiction of crimes and offenses as is now or may hereafter be by law vested in city courts in cities of the first class, . . ."

Section 4-2401, Burns' 1946 Replacement, puts the judicial power of every city of the first class in a city court and by § 4-2402, *id.*, provides that the city judge "shall have and exercise within the county in which said city is located the powers and jurisdiction . . . conferred upon justices of the peace in all cases of crimes and misdemeanors . . ." A justice of the peace, when a defendant is charged with a felony, has the power and jurisdiction to serve as a committing magistrate and place the defendant under bond to appear at the next term of the criminal or circuit court of such county. § 9-711, Burns' 1942 Replacement. It appears, therefore, that the jurisdiction given the Municipal Court over crimes and offenses really derives from justices of the peace who are committing magistrates.

The act creating the Municipal Court of Marion County was amended in 1943, and as so amended pro-

vides that procedure and practice in such court in all cases involving violation of criminal statutes, shall be governed by those provisions of the Act of 1939, ch. 164, relating to the jurisdiction and powers and to the procedure and practice prescribed for magistrates courts.

The Act of 1939, §§ 4-3801 *et seq.*, 1946 Replacement, creating magistrates courts in Marion County, Indiana, provides by § 4 thereof that such courts "shall have and exercise within the county the powers and jurisdiction now or hereafter conferred upon or exercised by the justices of the peace in all cases of crimes and misdemeanors." So again there is vested in the Municipal Court of Marion County the powers and jurisdiction of a justice of the peace who traditionally and by statute is a committing magistrate.

Any justice of the peace or city judge, and, by virtue of the statutes above referred to, any judge of the Municipal Court of Marion County, on complaint made on oath before him, charging any person with the commission of any felony or misdemeanor, shall issue his warrant for the arrest of such person, and cause him to be brought, forthwith, before him for examination or trial. § 9-701, Burns' 1942 Replacement. When the offense charged is a felony, the accused if probable cause to believe him guilty be established, shall be recognized to appear at the next term of the criminal or circuit court of the county. § 9-711, Burns' 1942 Replacement.

It seems to us, therefore, and we hold that the Municipal Court of Marion County has the jurisdiction and power to act as a committing magistrate in felony cases and, that being true, the Prosecuting Attorney was within established practice in filing an affidavit for the purpose of holding relator

for grand jury action, and when that affidavit was filed, even though relator's guilt could not be finally determined in that court, he stood *charged* with first degree murder and the first step in the process of bringing him to trial would be taken there. Under the juvenile court statute, when so charged, there was no duty upon the municipal court to transfer the case to the juvenile court, notwithstanding the age of the relator.

Relator also refers to § 22 of the 1945 juvenile act, which says that no child under 18 years of age shall be detained in any prison, jail or lockup. Relator contends that this broad language prohibits his incarceration in jail even though he is not a delinquent child under the definition of the act. The title to the juvenile act is "AN ACT defining delinquent, dependent and neglected children, giving juvenile courts jurisdiction thereon, and providing a lawful method of procedure concerning said children, . . . specifying places for *their* temporary and permanent detention, . . ." (Our italics.)

The statute has to do with *delinquent children* and *their* detention. The detention in jail which is prohibited by § 22 is the detention of children who are subject to the act and not to those properly held by other courts.

Without considering what the law should be but looking only to the statute as it was passed by the Legislature, we do not think the Juvenile Court had jurisdiction of this case after a charge of first degree murder was filed in the Municipal Court. We believe that the Municipal Court had the jurisdiction of a committing magistrate to bind relator over to the Criminal Court as it would any other person similarly charged, and could commit him to the custody of the sheriff of Marion County pending further action.

The temporary writ heretofore issued herein should be and is vacated and a permanent writ is denied.

NOTE.—Reported in 72 N. E. (2d) 357.