Dye, J.
The defendant, at the time of the commission of the crime of which he was convicted, was a youth just short of 15 years. Emphasis upon this fact tends to divert, if not obliterate, the factors which led to his indictment for murder in the first degree and his eventual plea of guilty to a lesser degree of homicide. The circumstances surrounding such plea were- fully explored in the coram nobis hearing and sympathetically considered, from the totality of which the only rational conclusion is that the confession was voluntary and that the plea of guilty to murder in the second degree was offered and accepted as a humane disposition of an indictment which, if sent to trial, might well have resulted in a conviction and the mandatory death sentence. There was no denial of due process under the law then existing. The prior confession which met all requirements of voluntariness was not used or received in evidence. The plea of guilty was entered only after a thorough and carefully weighed consideration of all relevant factors. The wisdom of such a course was fully recognized by defendant’s assigned counsel, a former Judge whose competence and skill were not questioned and who was acting with the full approval *22 of the defendant’s parents and the defendant himself. The plea was voluntary and deliberate and made with a single purpose of avoiding the risks incident to a trial of the indictment. Nothing developed in the coram nobis hearing indicates the contrary. This situation, except for the age of defendant, falls squarely within the rule of People v. Nicholson (11 N Y 2d 1067, cert. den. 37 U. S. 929; see, also, People v. Codarre, 10 N Y 2d 361; People v. Dash, 16 N Y 2d 493; People v. Griffin, 16 N Y 2d 508). The appellant’s sole ground for avoiding the impact of that decision is that the defendant’s youth is enough to outweigh all other considerations, including the interest of society, in bringing to judgment the perpetrator of a wanton and senseless slaying.
On this record, there is in truth and fact no showing that the conviction in any way depended on a substantial deprivation of a constitutional right warranting a vacatur of the within judgment of conviction. Certainly, at that time the defendant had a choice whether to plead not guilty and stand trial, or to enter a plea of guilty and avoid trial. The fact that, under the circumstances then existing, he chose to plead guilty to a lesser degree of homicide to cover the indictment affords no basis for dismissing the indictment at this late date.
The order should be affirmed.