Frederick M. Marshall, J.
The defendant, George Hetenyi, has been indicted for murder in the first degree. The pleading reads as follows: “ The Grand Jury of the County of Monroe by this indictment accuse the Defendant, George Hetenyi, of the crime of Murder in the First Degree, in violation of 1044, Sub *312 division 1 of the Penal Law of New York, committed as follows: The Defendant, on or about April 22, 1949, in the County of Monroe, State of New York, willfully, feloniously, and from a deliberate and premeditated design to effect the death of Jean Gareis Hetenyi, killed-the said Jean Gareis Hetenyi by shooting her twice in the body with a firearm, thereby inflicting injuries which resulted in and caused her death.”
Defendant has been tried and convicted three times. The third trial, a murder in the first degree prosecution, resulted in a jury verdict of “ guilty ” for the lesser included crime of murder in the second degree. Thereafter, this conviction was reversed by the United States Court of Appeals for the Second Circuit. That court directed that the State of New York afford the defendant a new trial. (United States ex rel. Hetenyi v. Wilkins, 348 F. 2d 844 [C. A. 2d, July 13, 1965].) The Circuit Court concluded that the State of New York had transgressed the Federal constitutional limitations when it reprosecuted Hetenyi for the “ same crime”, that is first degree murder (emphasis supplied). (See p. 856 of opn.) Woven throughout the opinion of the Second Circuit is the basic concept that the defendant had been acquitted of the crime of murder in the first degree, and that he could no longer be retried for that crime, but could however be retried on the lesser included crime of murder in the second degree, a distinct and different offense under the statutes of the State of New York, and one upon which he stood convicted (Green v. United States, 355 U. S. 184). The instant indictment embraces within the factual allegation the crime of murder in the second degree. The words alleging premeditation and deliberation are surplusage, and may be legally disregarded.
The defendant has now filed a demurrer, alleging that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure; that more than one crime is charged in the indictment; and lastly, that the indictment contains matters which, if true, would constitute a legal bar to future prosecution. Defendant has argued that there must be a resubmission of the entire case to another Grand Jury, and that a new indictment must be returned.
There is total silence in the decision of the Federal court concerning the necessity of resubmitting this matter to another Grand Jury. What has in fact been said is that the State of New York cannot retry George Hetenyi for murder in the first degree. Following that decision and its mandate, the New York State Court of Appeals, in People v. Ressler (17 N Y 2d 174 [March 31,1966]) remolding New York criminal procedure in this area, held that inasmuch as the defendant was tried on an indictment *313 for murder in the second degree, but was convicted of first degree manslaughter, upon a reversal of the manslaughter conviction, he could not again be tried on a more serious charge than manslaughter in the first degree. The court stated (p. 181): ‘ ‘ Defendant may be retried on homicide charges not greater than manslaughter in the first degree The New York Court of Appeals, like the Federal Circuit Court, in prescribing for the State of New York this new procedural concept, made no mention of the necessity of a resubmission; this court gives significance to that fact.
In addition, although the legal principle and constitutional limitations laid down and imposed upon the State of New York by these two recent decisions are new and novel to this State’s criminal procedure, it has heretofore been the law of many of our sister States. For some time, these sister States have held that a defendant who was charged by means of a single count indictment and convicted of a lesser included crime, upon a reversal of that conviction, could not be retried for the greater offense. New York now joins those States which adhere to this constitutional principle. A review of the procedural mechanics utilized by those of the said sister States which commence a felony proceeding by means of an indictment reveals that, under a factual situation such as presented by this case, the defendant could be properly retried upon the original indictment.
The New York Code of Criminal Procedure contains two sections which permit a conviction for a lesser crime than that charged in an indictment; they are sections 444 and 445.
The legislative history of these sections points out that they were not originally enacted with the purpose of introducing a new rule of criminal law into this State’s procedure, but rather were both declaratory of the rule which had always obtained at common law; namely, that the prosecution never was allowed to fail because all the alleged facts and circumstances were not proven, if such as were proven made out a crime, though of an inferior degree. (Dedieu v. People, 22 N. Y. 178, 183.) “ It was a well-established principle [at common law], that where an offence was increased in grade, or as to the measure of punishment, by the existence of a particular circumstance, or a special intent on the part of the accused, and an indictment was found setting forth the circumstances or intent, which rendered the act more highly criminal, if the prosecutor failed to prove that part of the case, he was still entitled to a conviction for the simple offence; and the unproven allegations were not allowed to prejudice the case proved; they were regarded as surplusage. ’ ’ (People v. Jackson, 3 Hill 92.)
*314 • It should also be noted that, under New York law, although an indictment must contain ‘ a plain and concise statement of the act constituting the crime, without unnecessary repetition” (Code Crim. Pro., § 275), it is of no consequence if the name of the crime be incorrectly stated in the accusatory clause of the indictment, if the specific allegations of fact are sufficient; for it is the allegations of fact that control the character of the crimes presented by the indictment. (People v. Seeley, 105 App. Div. 149; People v. Peckens, 153 N. Y. 576.) In addition, it is the law of this State that a court can never amend an indictment in such a manner as to amend the identity of the offense, but a court can, under certain circumstances, amend an indictment so as to change the description of the offense. (People v. Fiske, 194 Misc. 62.)
Sections 444 and 445 of the Code of Criminal Procedure were originally intended to prevent the prosecution from failing where some element of the crime charged was not made out. (People v. Murch, 263 N. Y. 285; People v. Miller, 143 App. Div. 251, affd. 202 N. Y. 618.) It has often been stated by our appellate courts that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree of an included crime, the Trial Judge must submit such lower offense. (People v. La Polte, 253 N. Y. 573; People v. Seiler, 246 N. Y. 262; People v. Murch, supra.)
I note a line of cases in this State which hold that, for the purpose of retrial after a reversal of a conviction, an indictment is not to be dismissed where it is defective insofar as it charges a higher degree of a crime but omits an essential allegation of that degree. In People v. Oliver (3 N Y 2d 684), the defendant had been indicted upon two counts, one of first degree burglary, and the other of third degree assault. However, the indictment did not allege that the acts constituting the burglary occurred in the nighttime, as required. (Penal Law, § 402.) After the defendant’s conviction, a reversal and a new trial were granted by the Appellate Division. The Court of Appeals affirmed, stating (p. 686): “ The indictment, being in the long form, is defective insofar as it charges burglary in the first degree by omitting the essential allegation that it occurred in the nighttime * * * and, being in the long form, it could not be amended nor the deficiency supplied by a bill of particulars or ignored (People v. Ercole, 308 N. Y. 425). Nevertheless the indictment is not to be dismissed inasmuch as even if the offense were committed in the daytime it would be burglary in the second degree * * * The misnomer in describing the offense as in the first instead of the second *315 degree is of no moment if the specific allegations of fact are sufficient * * * as they are here to describe the ingredients of burglary in the second degree.” (Emphasis supplied.) Although the Oliver decision is not precisely in point with the question here presented, it is significant that the Court of Appeals in arriving at its conclusion relied upon the reasoning in People v. Miller (supra).
Thus we have a case where a new trial was ordered for a lesser included crime, that is, burglary in the second degree, upon the original indictment charging burglary in the first degree.
I conclude that the State of New York, can properly retry George Hetenyi for murder in the second degree upon the original indictment.
So construed, the indictment substantially conforms to the requirements of the Code of Criminal Procedure.
The demurrer in all respects is overruled.