UNITED STATES of America ex rel.
Carl E. DeFLUMER, Jr., Petitioner-
Appellant,

v.

Vincent MANCUSI, as Warden of Attica
State Prison, Attica, New York,
Respondent-Appellee.

Nos. 515–516, Dockets 31382–31383.

United States Court of Appeals
Second Circuit.

Argued June 26, 1967.

Decided July 26, 1967.

L. Robert Leisner, Buffalo, N. Y., for petitioner-appellant.

Amy Juviler, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, MOORE, Circuit Judge, and LEVET, District Judge.*

PER CURIAM:

This appeal from the dismissal without prejudice by Judge Foley in the Northern District of New York of a petition for a writ of habeas corpus presents the question whether the petitioner should be required to exhaust state remedies as to both of the constitutional claims asserted by his petition. We have concluded that the claims are so related that he should, and we affirm the dismissal without prejudice.

Petitioner, then a boy of fourteen, confessed after being taken into custody by Albany police on March 15, 1947 to the killing of a nine-year-old boy. Indicted for first degree murder, and represented by Daniel J. Dugan, Esq., a former judge of the Children's Court, he pleaded guilty to second degree murder on June 30, 1947, having turned fifteen, and was sentenced to imprisonment for from twenty years to life. He sought federal habeas corpus in the Northern District of New York in 1962, claiming that his confession was coerced under the standards of Gallegos v. State of Colorado, 370

* For the Southern District of New York, sitting by designation.

U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962), and Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948). The writ was denied without prejudice because petitioner had not exhausted his state remedies. United States ex rel. DeFlumer v. LaVallee, 216 F.Supp. 137 (N.D.N.Y.1963). The New York courts held on *coram nobis* that petitioner's confession was voluntary, People v. DeFlumer, 40 Misc.2d 732, 243 N.Y.S.2d 893 (Albany County Ct. 1963), aff'd, 21 A.D.2d 959, 251 N.Y.S.2d 814 (3 Dept. 1964), aff'd, 16 N.Y.2d 20, 261 N.Y.S.2d 42, 209 N.E.2d 93 (1965) (4–3), and the Supreme Court denied certiorari. 384 U.S. 1018, 86 S.Ct. 1946, 16 L.Ed.2d 1040 (1966).

The present petition, brought in the Western District of New York and transferred to the Northern District pursuant to 28 U.S.C. § 2241(d), joined to the claim that petitioner's confession was coerced a claim that N.Y.Pen.Law, McKinney's Consol. Laws, c. 40, § 2186 as it existed in 1947, under which a child under sixteen could be tried for murder but not for lesser included degrees of homicide, see People v. Murch, 263 N.Y. 285, 189 N.E. 220 (1934), denied him equal protection, compare In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (U.S. May 15, 1967); Kent v. United States, 383 U.S. 541, 551–552, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and effectively coerced his guilty plea. Judge Foley dismissed the petition without prejudice because state remedies had not been exhausted as to the latter claim, and the state consented to reargument of the claim before the New York Court of Appeals. Judge Foley granted a certificate of probable cause "because of the close decision and vigorous dissents in the highest court of New York in regard to the validity of the conviction," and this court expedited the hearing of the appeal.

■■ The newly raised issues of the voluntariness of petitioner's plea of guilty and the validity of the statutory scheme under which he would have been tried for murder would necessarily affect the consideration of the coerced confession claim, because a voluntary guilty plea entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings. E. g., United States ex rel. Martin v. Fay, 352 F.2d 418 (2 Cir. 1965); United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2 Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966). Thus consideration of the coerced confession claim should await the exhaustion of state remedies on the issues newly raised by petitioner. Cf. United States ex rel. McBride v. Fay, 370 F.2d 547 (2 Cir. 1966). See also United States ex rel. Martin v. McMann, 348 F.2d 896 (2 Cir. 1965). We therefore affirm Judge Foley's dismissal of the petition without prejudice to the filing of a new petition after state remedies have been exhausted as to the newly raised issues.

Affirmed.