UNITED STATES of America ex rel.
Carl E. DeFLUMER, Jr., Peti-
tioner-Appellant,

v.

Vincent MANCUSI, as Warden of Auburn
State Prison, Attica, New York,
Respondent-Appellee.

No. 903, Docket 35179.

United States Court of Appeals,
Second Circuit.

Argued May 5, 1971.

Decided June 2, 1971.

Harry C. Batchelder, Jr., New York
City, for petitioner-appellant.

Amy Juviler, Asst. Atty. Gen. (Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of State of New York, on the brief), for respondent-appellee.

Before LUMBARD, SMITH and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

The petitioner Carl DeFlumer, Jr. was indicted in 1947 by the Albany County Grand Jury, charged wih the first-degree murder by hanging of a 7-year-old boy. DeFlumer himself was 15 years of age. Acting with the advice of counsel, DeFlumer entered a plea of guilty to the lesser, noncapital crime of second degree murder. On July 7, 1947 the Albany County Court imposed the minimum sentence of 20 years to life. For 16 years DeFlumer did not contest his conviction of sentence. In 1963, however, he began a series of post-conviction proceedings in state and federal courts, arguing that for several reasons his guilty plea was constitutionally invalid.[1] He now appeals from the district court's denial, without a hearing, of his petition for federal habeas corpus relief.

■ Petitioner has wisely shifted emphasis away from the argument on which he placed primary reliance below and in the state courts: that his plea was compelled by the existence of an allegedly involuntary confession. The Supreme Court's recent decision in McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970), upheld the validity of a guilty plea knowingly entered with the advice of competent counsel against precisely such a challenge. Accordingly, this avenue of attack is foreclosed. Petitioner, however, seeking to avoid the holding in *Richardson*, argues that the New York courts denied relief on the ground that his confession shortly after apprehension by the Albany police was in fact voluntary, and thus invites the federal courts to reach a different conclusion on this federal constitutional question. Since under *Richardson*, DeFlumer would not have a right to relief even if his confession were found involuntary, the district court quite properly declined to rule on this question.

■ ■ DeFlumer also attacks his plea on the ground that it represented a decision reached solely between his court-appointed counsel and his parents. It is not clear that DeFlumer's habeas petition raised this contention below. In any event, the record is totally devoid of any suggestion that his will was overborne, either by counsel or parents, at any stage in the proceedings. The minutes of the state *coram nobis* hearing clearly disclose that DeFlumer's attorney, a former Children's Court judge and a prominent and respected leader of the juvenile court reform movement in this state, carefully explained to petitioner and his parents that his recommendation that DeFlumer should plead guilty to a lesser charge than first degree murder, represented a balancing of the relative likelihood of acquittal and conviction for first degree murder, with the mandatory death sentence if convicted. It is entirely comprehensible that this 15 year old defendant should have responded as he did—that he would abide by his parents' advice. This method of arriving at the final decision to enter a guilty plea under all the circumstances present here, suffers from no constitutional infirmity. Compare, e. g., United States ex rel. Codarre v. Gilligan, 363 F.2d 961 (2d Cir. 1966) (13-year-old's plea of guilty invalid because not preceded by or based on any conference with defendant).

---

1. See United States ex rel. DeFlumer v. LaVallee, 216 F.Supp. 137 (W.D.N.Y. 1963); People v. DeFlumer, 40 Misc. 2d 732, 243 N.Y.S.2d 893 (Albany Co. 1963), aff'd, 21 A.D.2d 959, 251 N.Y.S. 2d 814 (3d Dep't 1964), aff'd, 16 N.Y. 2d 20, 261 N.Y.S.2d 42, 209 N.E.2d 93 (1965), cert. denied, 384 U.S. 1018, 86 S.Ct. 1946, 16 L.Ed.2d 1040 (1966); United States ex rel. DeFlumer v. Mancusi, 380 F.2d 1018 (2d Cir. 1967); People v. DeFlumer, 21 N.Y.2d 1040, 291 N.Y.S.2d 1025, 238 N.E.2d 507 (1968).

DeFlumer's final claim is that his plea was induced by the allegedly unequal treatment afforded defendants in murder cases who were under 16 years of age. At the time of DeFlumer's plea,[2] persons between 7 and 16 could be held criminally liable only for the few serious acts punishable by death; other offenses were considered noncriminal juvenile delinquency. Former Penal Law § 2186. A consequence of this restricted definition of juvenile criminality was that a defendant under 16 on trial for murder could not be convicted of the lesser offense of manslaughter, although a similar defendant 16 or over could be the "beneficiary" of such a compromise verdict. People v. Murch, 263 N.Y. 285, 189 N.E. 220 (1934). DeFlumer argues that the elimination because of his age, of the possibility of manslaughter verdict deprived him of a valuable alternative which should have been available and hence denied him the equal protection of the laws. We are not persuaded however, that we are compelled to assume that the absence of a basis for a compromise verdict such as manslaughter inevitably works to the detriment of defendants, nor are we cited to any empirical studies so indicating. It is forcefully argued in response that a jury's freedom to compromise on an intermediate verdict may also prevent acquittal or mistrial. Indeed, in cases involving defendants under 16, the *Murch* decision approved an instruction that if the jury should find the elements of the crime of manslaughter alone, it should return a verdict of acquittal. The jury, however, could also be told that the defendant would remain liable to treatment as a juvenile delinquent. 263 N.Y. at 291–292, 189 N.E. 220. DeFlumer's claim that he was put at a disadvantage thus remains simple speculation, affording no constitutional basis for overturning New York's structuring, as of 1947, of its

criminal justice system for young offenders. Petitioner quite properly does not question the reasonableness and humanity of the attenuated concept of criminal responsibility applied to those under 16, of which the absence of a manslaughter verdict was a logical sequela.[3]

Affirmed.

---

2. A statutory amendment enacted shortly after DeFlumer's conviction abolished all criminal liability of persons under 16.

3. We thus need not pass on the state's contention that under McMann v. Richardson, *supra*, DeFlumer's voluntary decision to enter a guilty plea forecloses his equal protection claim.