JERRY RAY JONES *v.* STATE OF INDIANA.

[No. 476S102. Filed June 10, 1977.]

*Malcolm G. Montgomery, Stephen C. Haas,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was indicted for the first-degree murder of Elmer Rice in Evansville, Indiana. Venue was changed from Vanderburgh County to Warrick County after which the appellant entered a plea of guilty to the lesser included offense of second-degree murder. Subsequently, appellant was sentenced to imprisonment for a period of 15 to 25 years.

Two years later, on June 15, 1973, appellant filed a petition for post-conviction relief. This petition was granted and he was ordered returned to the Warrick Circuit Court for further proceedings. After several delays, trial was begun on October 7, 1975. Appellant was found guilty by a jury and was sentenced to 15 to 25 years imprisonment.

The record presents the following facts: On December 4, 1970, appellant came to the Cook residence in Evansville, Indiana, and told friends that he had just obtained a radio and a fifth of wine from a drunk. He then left and later returned with another radio, saying he had obtained it from the same drunk. He claimed the same drunk had a $98.00 check and offered half of it to Howard Lee, a friend of the appellant. Lee declined the offer.

At appellant's request, Lee showed the appellant where a bayonet was in the Cook house. Appellant took the bayonet

and left. He returned later saying that he had stabbed a man and killed him and that the man would not tell him where the money was. Lee took the bayonet from appellant, wiped it off and returned it to its place.

Lee and the appellant then returned to the apartment indicated by the appellant, where they found a man lying on the floor who was later determined dead by reason of a stab wound. Lee then required the appellant to notify the police and accompany the police to the apartment where he told of seeing a person running from the apartment shortly before he discovered the dead man.

Appellant first argues that the trial court erred in overruling his motion to dismiss. He argued for dismissal on two grounds: (1) that he was subject to double jeopardy and (2) that the trial court did not obtain jurisdiction over him because of an improper waiver hearing from juvenile court.

Appellant was 17 years old at the time of the offense in question. A petition to declare the appellant a delinquent juvenile was filed in the Vanderburgh Juvenile Court. Subsequently, there was a petition to waive jurisdiction to the Vanderburgh Circuit Court. Following a hearing, the juvenile court waived jurisdiction on December 18, 1970. On December 20, 1970, the waiver order, together with the transcript of evidence given at the waiver hearing, was filed in the circuit court of Vanderburgh County. On January 11, 1971, an indictment for first-degree murder was filed. Appellant's argument of double jeopardy must fail.

In *Breed* v. *Jones*, (1975) 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, cited by the appellant, the United States Supreme Court held that once a juvenile had been adjudged a delinquent in the juvenile system, he could not be tried under the adult criminal laws for the same act even though the statutory dispositions available to the juvenile court were not adequate in that particular case. The Court stated that the hearing on waiver to the criminal court must precede any hearing on the question of delinquency. See 421 U.S. at 538, n. 18.

Such is the situation at bar. No proceeding to adjudicate appellant a delinquent was had. Appellant's contention that the waiver hearing was inadequate must also fail. The juvenile court obtained no jurisdiction in the case, as appellant was charged with an act amounting to premeditated murder. *State ex rel. Imel* v. *Municipal Court,* (1947), 225 Ind. 23, 72 N.E.2d 357; *Lockridge* v. *State,* (1975) 263 Ind. 678, 338 N.E.2d 275. Jurisdiction over this type of offense is properly in a court of criminal jurisdiction.

We therefore hold the trial court did not err in overruling appellant's motion to dismiss.

Appellant next argues that the trial court erred in admitting State's Exhibit No. 11, the same being a photograph of the decedent on a table at the Boone Mortuary. The photograph depicts a stab wound to the side of the decedent about which there was testimony. The photograph was relevant to show the location of the wound. There was no error in admitting the exhibit. *Shackelford* v. *State,* (1976) 264 Ind. 698, 349 N.E.2d 150.

Appellant next claims the trial court erred in giving court's Instruction No. 2.07 which reads as follows:

"You have before you evidence that the defendant made an admission of a fact relating to the crime charged in the indictment.

"It is for you to determine (whether the defendant made the admission, and if so,) what weight should be given to the admission. In determining the weight to be given to an admission, you should consider all of the circumstances under which it was made."

Appellant does not argue that the instruction is an incorrect statement of law. However he urges that the instruction emphasizes parts of the State's evidence, namely evidence of his incriminating statements. The instruction here is one required by IC 35-5-5-1 (Burns 1975). Although it does draw attention to evidence of a statement, the instruction does not amount to an argument of a particular phase of the case. See *Pfeifer* v. *State,* (1972) 152 Ind. App. 315, 283

N.E.2d 567. The court's instruction does not place undue emphasis on the giving of a confession.

We find no reversible error in this record. The judgment of the trial court is therefore affirmed.

DeBruler, Hunter and Pivarnik, JJ., concur; Prentice, J., concurs in result.

NOTE.—Reported at 363 N.E.2d 959.