THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANKLIN HOPKINS, Defendant.

County Court, Queens County, March 4, 1954.

*T. Vincent Quinn, District Attorney (Lawrence Peirez* of counsel), for plaintiff.

*Melvel W. Snitow* for defendant.

Schleppi, J. The defendant has been indicted for the crime of murder in the first degree, alleged to have been committed on April 17, 1953, when he was fifteen years of age. The indictment contains two counts, the first of which charges defendant with a violation of subdivision 2 of section 1044 of the Penal Law, in that, on April 17, 1953, he committed an act imminently dangerous to others and evincing a depraved mind, regardless of human life, by pointing and discharging a loaded rifle at and in the direction of one Henry Benson and other persons then and there present, and that he shot and killed said Henry Benson. The second count, in common-law form, charges, in substance, that defendant feloniously and with malice aforethought killed said Henry Benson with a loaded rifle.

Prosecution of the defendant for murder is made possible by section 2186 of the Penal Law (as amd. by L. 1949, ch. 388, and L. 1950, ch. 525) which, in part, provides as follows: " A child of more than seven and less than sixteen years of age, who shall

commit any act or omission which, if committed by an adult, would be a crime, except any child fifteen years of age who commits an act which if committed by an adult would be punishable by death or life imprisonment, other than a crime punishable with imprisonment for an indeterminate term having a minimum of one day and a maximum of his natural life, unless an order removing the action to the children's court has been made and filed pursuant to section three hundred twelve-c, subdivision (c) and section three hundred twelve-f, subdivisions (a) and (b) of the code of criminal procedure, shall not be deemed guilty of any crime, but of juvenile delinquency only ''.

It is significant to note that prior to the 1949 amendment of section 2186, any child more than seven and less than sixteen years of age could be prosecuted for a crime where the act or omission of such child, if committed by an adult, would be punishable by death or life imprisonment. The Legislative pattern brought about by this amendment and other related enactments (§§ 312-b to and including 312-h of the Code of Criminal Procedure) was completely to eliminate the classification of any child under fifteen years as capable of committing any crime and to vest in the court the discretion as to whether a fifteen-year-old child, charged with a crime which, if committed by an adult, would be punishable by death or life imprisonment, should be tried in the County Court or the Supreme Court for such crime or in the Children's Court as a juvenile delinquent. The test laid down for the court's exercise of such discretion is found, in part, in subdivision (c) of section 312-c of the Code of Criminal Procedure which reads: '' (c) Should the court determine, upon the termination of such examinations, investigation and questioning, that the ends of justice, the best interests of the state and the welfare of the defendant would be served by removing the action to the children's court, no further action shall be taken on the indictment, and, following the removal of the proceedings to the children's court (as hereinafter provided), the said indictment shall thereupon be dismissed.''

In this case, the court, on its own motion, pursuant to section 312-c of the Code of Criminal Procedure, ordered investigation to be made to determine whether the action pending against the defendant should be removed to the Children's Court. The trial of this case has been adjourned since May 26, 1953, at the request of the defendant who has been represented by personal counsel at every stage of these proceedings. After months of extensive study and investigation by the court and its staff and a review of the evidence made available by the district attorney of this

county, it appears that the defendant was a member of a group called " The Lucky Lords " which was hostile to another group called " The Counts ". Apparently Henry Benson, who was a member of the latter group, was killed as the result of a shot discharged from a .22 caliber rifle on the night of April 17, 1953, when the two groups met. When the fight broke out between them, one of the defendant's group had possession of the rifle in question. As he was running away from the other group, he was struck from behind, and dropped the rifle as he fell to the ground. It was at this point, it is claimed, that the defendant picked up the rifle and fired it in the direction of the other group. The People contend that this shot killed Henry Benson, who was some forty yards away. The defendant admits he fired two shots, claiming, however, that he fired them into the air in emergency for the purpose of scaring the other group away. The fact that Benson was forty yards away when he was shot indicates that the defendant shot the rifle over the heads of " The Counts " who were in front of him; otherwise, he would have struck them rather than Benson who apparently had left the crowd and was running away from the fight when the bullet struck him in the rear right side of the skull.

There is some indication that the rifle was, on the occasion in question, fired four or five times and that the bullet that struck and killed Henry Benson could have been discharged from the rifle by someone other than the defendant. The court is not convinced that this defendant was the only one who fired the rifle during the encounter.

While no specific intent is required to sustain the charge made in the first count of the indictment, and felonious intent may be implied from the nature of the acts charged, the court is unable to find, from a review of the limited authorities involving the prosecution of a child for murder, that any child has ever been prosecuted, under section 2186 of the Penal Law, upon the theory that his act or omission was imminently dangerous to others, evincing a depraved mind and regardless of human life. That, no doubt, is due to the fact that the philosophy of the law is such that a child under sixteen years is not held to the same degree of responsibility as a person over sixteen years of age.

The facts disclosed do not in the court's opinion substantiate the charge made in the second count of the indictment, that the defendant killed Henry Benson with malice aforethought. For all that appears, the defendant did not see Benson or know that he was in the vicinity. As was said in *People* v. *Roper* (259 N. Y. 170, 175): " But guilt cannot be established without proof

of every essential element of the crime and, since a felonious intent is an essential element of the crime of murder, guilt of a defendant can never be established without proof of such intent. Thus, the guilt of a defendant charged with murder in the first degree may depend upon his capacity to form the felonious intent. Then the fact that a defendant is under the age of sixteen may carry legal consequences.''

In the case just cited, a child less than sixteen years of age was charged with a felony murder. The Court of Appeals held that such a child could not be convicted of a felony murder without proof of intent to kill (see, also, *People* v. *Porter*, 54 N. Y. S. 2d 3).

The facts here warrant the conclusion that the killing, if done by the defendant, was done in the heat of passion and without a design to effect death. This, of course, would constitute the crime of manslaughter, for which the defendant may not be prosecuted under our laws. (Penal Law, § 2186; cf. *People* v. *Murch*, 263 N. Y. 285.)

While the court fully recognizes that violence by members of so-called teen-age gangs cannot be countenanced, and that the killing of the deceased was a shocking and unconscionable act, nevertheless, it cannot, under the particular facts and circumstances of this case, permit the defendant to stand trial for the crime of murder which might terminate in a verdict of guilty, punishable by death or life imprisonment, where the act or omission if committed by an adult would constitute only manslaughter, which is not subject to such severe punishment. An adult on trial for the crime of murder would, at least, be entitled to have the court charge the jury on the crime of manslaughter (Penal Law, § 610; Code Crim. Pro., § 440).

Under all the circumstances, the ends of justice, the interests of the State and the welfare of the defendant will be served by removing this action to the Children's Court with full confidence that the defendant, should he be held responsible for the death which he is alleged to have caused, will be dealt with to the fullest extent of the law as a juvenile delinquent.

Order accordingly made herewith. Order signed.