Shirley W. Kram, J.
Respondent, a 10-year-old boy, injured petitioner’s daughter, age 12, when he shot a bobby pin from a rubber band and struck the girl’s right eye. The girl was hospitalized for seven days and then required out-patient treatment for a number of weeks.
The Corporation Counsel in presenting the case proceeded on the theory that respondent recklessly caused the victim’s injury (Penal Law, § 120.00, subd. 2). The burden is on the Corporation Counsel to show that the respondent did in fact fulfill every element of the allegations.
Subdivision 3 of section 15.05 of the Penal Law defines the culpable mental state “ recklessly” as: “A person acts reck *762 lessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.”
There are two questions before the court: (1) That this 10-year-old respondent had the capacity to be aware ofi and consciously disregard the substantial and unjustifiable risk of firing a bobby pin with a rubber band at another person;
(2) What is the standard of conduct to be applied to a 10-year-old child, so that the disregard of a particular risk may be held to constitute a deviation from that standard?
Family Court juvenile delinquency proceedings are quasi-criminal in nature (Matter of Gregory W., 19 N Y 2d 55). This court, therefore, in determining the standard of conduct applicable to a 10-year-old child to render him sui juris looks to both the civil and criminal law — principally negligence and felony murder.
The Court of Appeals in a felony murder case stated that the age of the defendant may have legal consequences as regards his ability to formulate the necessary intent. (People v. Roper, 259 N. Y. 170. See, also, People v. Hopkins, 205 Misc. 666.)
Under the felony murder rule, an adult who commits one of the enumerated felonies during the course of which the death of the- victim or bystander occurs, is guilty of murder as a matter of law, regardless of the intent to kill. The intent to commit the felony is required, and the intent to commit a murder is irrelevant. However, a juvenile is not held to this -strict standard, and there must be proof he intended to kill (People v. Porter, 54 N. Y. S. 2d 3; People v. Rooks, 40 Misc 2d 359).
As regards the standard relative to a child’s capacity to be held contributorially negligent or to have assumed the risk it is indicated as follows in section 283A, Children, of the Restatement, Torts 2d: “If the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence, and experience under like circumstances.” (Also Rodford v. Sample, 30 A D 2d 588.)
In Brown v. Town of Bolton (19 A D 2d 668) the court held that a 12-year-old boy could not be held to exercise the same discretion and judgment in entering an -area where trash was being burned as would be required of an adult.
*763 In the instant situation this respondent, an apparently average 10-year-old, has participated in a common, albeit potentially, dangerous childhood game. However, the two questions, supra, that are the gravamen of this action must be answered in the negative. This respondent has not by his disregard of the risk, grossly deviated from the standard of conduct of his fellow 10-year-olds. Nor can it be maintained that a 10-year-old is capable of the degree of awareness and conscious disregard indicated by the statute.
The Corporation Counsel has failed to establish that this respondent did possess the requisite “ reckless intent ” in assaulting the victim.
The petition is dismissed. However, the petitioner has a civil remedy and may of course pursue same if she feels so inclined.