UNITED STATES of America ex rel.
George Fredrick JONES,
Petitioner,

v.

Dr. Paul C. AGNEW, Director, Mattea-
wan State Hospital, Respondent.

No. 73 Civ. 4787 KTD.

United States District Court,
S. D. New York.

April 5, 1974.

George Fredrick Jones, Pro Se.

Louis J. Lefkowitz, New York State Atty. Gen., for defendant. By: Margery Evans Reifler, Asst. New York State Atty. Gen., of counsel.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is a pro se petition for a writ of habeas corpus filed by the litigious George Fredrick Jones. In 1970 Jones was sentenced to an indeterminate term of imprisonment of up to seven years, having been found guilty of the crime of possession of weapons and dangerous instruments and appliances under New York Penal Law § 265.05. The conviction was affirmed without opinion by the Appellate Division, First Department. People v. Jones, 35 A.D.2d 911, 315 N.Y.S.2d 1020 (1970). It appears that leave to proceed to the Court of Appeals was never sought.

Jones brought this habeas corpus petition in November 1973 while he was confined, pursuant to a commitment or-

der, at Matteawan State Hospital, Beacon, New York. His conditional release date was December 21, 1973, and, at that time, he was civilly committed to the New York State Psychiatric Institute. On January 10, 1974, Jones escaped from that institution and he was at large until March 22, 1974, when he was seized in this courthouse while he was in the process of filing an application for a writ of mandamus in this case. Jones is presently being held at the Ossining Correctional Facility awaiting a hearing on an alleged parole violation.

■ Turning to the merits of Jones' habeas corpus petition, his allegations fall generally into six categories:

1) the instructions to the jury which convicted him were improper and constituted a directed verdict;

2) the rifle in his possession at the time of his arrest was taken by the police during an illegal search and seizure;

3) the statute under which he was convicted is illegal;

4) the jury trial on the issue of sanity, held prior to his commitment to Matteawan, was improper;

5) he disapproved of counsel both at trial and on appeal; and

6) the conditions at Matteawan State Hospital constitute cruel and unusual punishment.

Since the first three complaints were raised in previous petitions for habeas corpus and were previously considered and denied (see 73 Civ. 1197, 72 Civ. 2990), this Court is not required to entertain them again. The law is quite clear that successive and repetitious applications for writs of habeas corpus need not be reconsidered when no new grounds are raised. 28 U.S.C. § 2244(a). See also Sanders v. United States, 373 U.S. 1, 17–18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); United States ex rel. Levy v. McMann, 394 F.2d 402, 404 n. 6 (2d Cir. 1968). Thus, petitioner's first three claims are dismissed as repetitive.

■ The fourth claim, that relating to Jones' "sanity trial", is similar to the first claim raised in Jones' last habeas corpus petition (73 Civ. 1197). However, since the claim now arises in a somewhat different factual setting I will not dismiss it as repetitive but will consider it independently. Jones complains that at the "sanity trial" the jury was "all 'white' high middle class" and therefore not a jury of his peers; that he did not have a doctor and a lawyer of his own choosing; that he was not given access to a New York telephone book; and, that the trial should not have taken place in Dutchess County since he was then suing all of the judges in Dutchess County. Whatever merit, or lack of merit, may be found in these allegations, they are all now moot. The "sanity trial" referred to by the petitioner was held while he was in criminal custody and related to his psychiatric confinement during the period of his criminal incarceration. When that period ended in December 1973 and petitioner was conditionally released, his complaints based on the criminal "sanity trial" were mooted. The fact that petitioner was thereafter civilly committed is irrelevant to the complaints set forth in this petition.

■ Jones' fifth claim is based on his disapproval of the counsel assigned to represent him both at the trial and on the appeal of his weapons charge. On the record before me it appears that these complaints were never presented to the state courts and must therefore be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed. 2d 438 (1971).

■ Jones' sixth and final complaint concerns the conditions of confinement at Matteawan State Hospital. This complaint must be denied as moot since the petitioner is no longer at that institution. Thus, none of the six complaints set forth in this petition provides a basis for the issuance of a writ of habeas

corpus and the petition is denied in all respects.

In addition to the petition for a writ of habeas corpus, Jones filed a petition for a writ of mandamus in this case on April 1, 1974. Since the purpose of the mandamus writ was to secure a speedy decision on the habeas corpus petition, the petition for a writ of mandamus is now moot and is denied in all respects.

So ordered.