William E. Cavanaugh pro se.
No appearance for the State of Maine.

CLIFFORD, District Judge.

This matter comes before me upon the petition of William E. Cavanaugh for writ of habeas corpus against the State of Maine, the petition having been ordered filed in forma pauperis upon petitioner's oath of inability to pay the required fees.

The petitioner alleges that in July of 1949 he presented to the Deputy Warden of Maine State Prison a petition for writ of error coram nobis, and a petition for writ of habeas corpus ad testificandum, addressed to and to be mailed to the Knox County Superior Court, and that these petitions were never sent to the Knox County Superior Court by the Warden, or by any other officer, of the Maine State Prison. Petitioner further contends that the action of the prison officials constituted a violation of prisoner's constitutional rights.

Petitioner further alleges that citizens of the United States are convicted twice and imprisoned twice for the same offense, and imprisoned for crimes not defined as crimes in the Statute Laws of the State of Maine. The petition contains no statement of fact in support of his contention that citizens are twice convicted and imprisoned for the same offense, but does contain statements of fact concerning his conviction, and quotes the Maine Statute in support of his contention that he was illegally sentenced.

28 U.S.C.A. § 2254 provides that "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

In view of the above quoted section of the Code it is apparent that petitioner has not exhausted his remedies in the State Courts, so that petitioner's only contention would be that circumstances exist which render such process ineffective to protect his rights. The fact that petitions addressed to the Knox County Superior Court were given to the Deputy Warden for mailing, but were not mailed, might be some evidence in support of such contention, but it is the opinion of this Court that petitioner should have made some further effort to seek redress in the State Courts, other than the one attempt previously referred to.

It is a well established rule that habeas corpus may not be used as a writ of error, and that the question of illegality of sentence based upon interpretation of the State statute, is a matter for redress in the State Courts and not properly brought before this Court upon a petition for writ of habeas corpus.

It is therefore ordered, adjudged and decreed that the application for writ of habeas corpus be, and hereby is denied.