367 F.2d 351
 UNITED STATES of America ex rel. Henry WILSON, Petitioner-Appellant,
v.
Hon. J. Edwin LaVALLEE (successor to Hon. Robert E. Murphy), Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.
 No. 51.
 Docket 30503.
 United States Court of Appeals Second Circuit.
 Argued October 3, 1966.
 Decided October 18, 1966.
 
 Dixon S. Welt, Albany, N. Y., for petitioner-appellant.
 Barry Mahoney, Asst. Atty. Gen. of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.
 Before SMITH, HAYS and FEINBERG, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 Henry Wilson appeals from the denial of his application for a writ of habeas corpus by Chief Judge James T. Foley of the United States District Court for the Northern District of New York, United States ex rel. Wilson v. LaVallee, 251 F.Supp. 292 (N.D.N.Y.1966), after a hearing held pursuant to the remand order in United States ex rel. Wilson v. Murphy, 335 F.2d 550 (2d Cir.1964). Petitioner's principal point is that there was no probable cause for his arrest and that, therefore, the narcotics on which his conviction under New York Penal Law, McKinney's Consol.Laws c. 40, § 1751 was based were illegally seized.
 
 
 2
 About 10:00 p. m. on May 4, 1957 the arresting officers were driving along Seventh Avenue near 111th Street in New York City when they learned from their police radio of a holdup in the Times Square area. The call went out for a new model automobile, possibly a Chevrolet, with a red bottom and a cream top, occupied by a male Negro and traveling north on Central Park West. The detectives drove directly to 110th Street and 8th Avenue, the continuation of Central Park West. At about 10:30 p. m. they spotted and followed a 1955 Ford Thunderbird with a red bottom and a cream top, occupied by two male Negroes, traveling north on 8th Avenue. In a few blocks, the Thunderbird stopped at a traffic light and two of the officers disembarked with guns drawn and ordered the driver to pull over. Instead, he pulled around the corner and, when the detectives threatened to shoot, stopped there. Petitioner was the passenger in the car and a search revealed narcotics.
 
 
 3
 It is apparent that, despite the presence of two occupants instead of one and a Ford Thunderbird instead of a Chevrolet, the arresting officers had probable cause to believe that petitioner had committed the Times Square holdup described in the radio message. For, the automobile was a new model with a red bottom and a cream top, had a Negro occupant, was traveling north along Central Park West and 8th Avenue on the predicted escape route shortly after the call went out, and failed to stop immediately as directed. Clearly, even before the failure to stop, "at the moment the arrest was made, the officers had probable cause to make it * * * at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).
 
 
 4
 Petitioner's further points warrant little discussion. The evidence does not support his contention that the search preceded the arrest. His objection to the admission of photographs of the Thunderbird is groundless. Finally, his constitutional attack on New York Penal Law § 1751 belongs, in the first instance, in the New York courts where he has not yet raised the question. Fay v. Noia, 372 U.S. 391, 418-420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), 28 U.S.C. § 2254.
 
 
 5
 The court wishes to express its appreciation to assigned counsel for his thorough and conscientious preparation and presentation of this appeal.
 
 
 6
 The order of the district court is affirmed.