**UNITED STATES ex rel. David M. LEVY, Relator-Appellant,**

v.

**Hon. Daniel McMANN, as Warden of Clinton State Prison, Dannemora, New York, Respondent-Appellee.**

**UNITED STATES ex rel. Louis D'ANTONIO, Relator-Appellant,**

v.

**Hon. Harold W. FOLLETTE, as Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

**Nos. 375-376, Dockets 31805-31806.**

United States Court of Appeals
Second Circuit.

Argued April 2, 1968.

Decided May 9, 1968.

Peter Lushing, New York City, for relators-appellants.

Michael Rauch, New York City, (Louis J. Lefkowitz, Atty. Gen., of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Maria L. Marcus, New York City, of counsel), for respondents-appellees.

Before MOORE, · WOODBURY* and SMITH, Circuit Judges.

MOORE, Circuit Judge:

Appellants Levy and D'Antonio, co-defendants, were convicted in the New York Supreme Court of kidnapping, robbery and possession of a pistol. The Appellate Division affirmed. People v. Levy, 20 A.D.2d 518, 244 N.Y.S.2d 497 (1963). The Court of Appeals modified the judgment by reversing the kidnap-

ping conviction but affirming the other counts. People v. Levy, 15 N.Y.2d 159, 256 N.Y.S.2d 793, 204 N.E.2d 842 (1965). The Supreme Court denied certiorari. Levy v. New York, 381 U.S. 938, 85 S. Ct. 1770, 14 L.Ed.2d 701 (1965); D'Antonio v. New York, 382 U.S. 865, 86 S.Ct. 131, 15 L.Ed.2d 103 (1965)

Both appellants sought federal habeas corpus relief. In each of their petitions the principal claim on which available State remedies had been exhausted[1] was that petitioner had been denied due process when the State called Daniel Cohen to the stand to testify. Before trial, Cohen had signed a statement implicating defendants in the crime. However, before testifying, he had advised the Court and the State that he would claim his privilege against self-incrimination. Nevertheless, the Court ordered him to take the stand and allowed the State to read his prior statement. The Court also held him in contempt. The next *day Cohen agreed to testify; he was then available for cross-examination.

In addition to this principal ground for relief, Levy included two additional claims in his petition—(1) that the Court and the prosecution had coerced Cohen into testifying, and (2) that he had been denied the right to confront and cross-examine the witness. Since Levy had not exhausted available State remedies as to these claims, the district judge dismissed the entire petition, in the "interest of comity," for failure to exhaust State remedies. 28 U.S.C. § 2254.

D'Antonio claimed only the exhausted ground for relief. However, a prior petition had included two additional unexhausted claims—(1) that he had been denied a jury trial, and (2) that the conduct of the court and prosecution had denied him a fair trial. This prior petition had been dismissed in its entirety for failure to exhaust available State remedies.[2] The district judge, therefore,

* Of the First Circuit, sitting by designation.

1. People v. Levy, 15 N.Y.2d 910, 258 N.Y. S.2d 646, 206 N.E.2d 653 (1965).

2. After the dismissal of the first petition, D'Antonio brought another petition, claiming prejudicial publicity at trial. The present petition was brought while the

dismissed this application, too, for "[t]he petitioner, by fragmentizing claims heretofore presented * * * seeks to circumvent the requirement of exhaustion of available State remedies."

Levy and D'Antonio appeal from these dismissals. Since we believe that the district judges should have considered the merits of the exhausted claims,[3] we reverse and direct the judges to hold appropriate hearings.

 Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 195, 19 L.Ed.2d 41 (1967) (per curiam), held that a federal court must, in certain circumstances, consider a State prisoner's claim, even though relief is available in the State courts. Citing Roberts, this Court recently held that a district court must consider an exhausted claim even though an unrelated claim is pending in the State. United States ex rel. Sniffen v. Follette, 393 F.2d 726 (2 Cir., 1968). Since Levy's unexhausted claim—that Cohen was coerced into testifying—is unrelated to his principal claim, there is no basis for dismissing the petition in toto.[4] Moreover, although Levy's other unexhausted claim —that he was denied the right to cross-examine and confront the witness—might be related to his principal claim, United States ex rel. McBride v. Fay, 370 F.2d 547 (2 Cir. 1966), it is frivolous.[5] Therefore, in these circumstances, a dismissal

of the entire petition would be, at best, a waste of petitioner's and the State's time and, at worst, so frustrating that petitioner, having exhausted his energies, might submit to the alleged injustices. United States ex rel. Kling v. LaVallee, 306 F.2d 199, 203 (2 Cir. 1962) (concurring opinion).

 D'Antonio's case follows a fortiori from Levy's. His unexhausted claims, while not included in this petition, are unrelated to the principal claim of this petition.

 We recognize the dilemma presented to a district judge in situations where a petition includes both exhausted and unexhausted claims. Watson v. Patterson, 358 F.2d 297, 298 (10 Cir.), cert. denied, 385 U.S. 876, 87 S.Ct. 153, 17 L. Ed.2d 103 (1966). If he considers the exhausted issues, he is possibly fostering "needless piecemeal litigation."[6] Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). If he refuses to consider the exhausted issues, he is "severely limit[ing] the scope of the federal habeas corpus statute." Roberts v. LaVallee, supra, 389 U.S. at 43, 88 S.Ct. at 196. However, where the unexhausted claims are either unrelated to the principal exhausted claim or frivolous, the desirability of including all grounds for habeas corpus in a single petition does not outweigh the interests

---

other application was pending. The prejudicial publicity claim was dismissed for failure to exhaust available State remedies.

3. This Court often has considered only the exhausted claims in a petition which included both exhausted and unexhausted claims. See United States ex rel. Wilson v. LaVallee, 367 F.2d 351 (2 Cir. 1966); United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2 Cir. 1965); United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509 (2 Cir. 1964).

4. In United States ex rel. Martin v. McMann, 348 F.2d 896 (2 Cir. 1965) (en banc), this Court dismissed a petition in toto, for the exhausted claims were directly related to the principal unexhausted claim. Accord, United States ex rel. De Flumer v. Mancusi, 380 F.2d 1018 (2 Cir. 1967); United States ex rel.

McBride v. Fay, 370 F.2d 547 (2 Cir. 1966) (" * * * our approach to whether petitioner was denied a fair trial on account of the re-reading of a co-defendant's confession, would necessarily be affected by the Sixth Amendment claim"). But see, United States ex rel. Floyd v. Wilkins, 367 F.2d 990 (2 Cir. 1966).

5. Levy's counsel did have an opportunity to cross-examine Cohen when he took the stand to testify the next day.

6. The district judges have discretion to control repetitious and abusive petitions. Sanders v. United States, 373 U.S. 1, 17–18, 83 S.Ct. 1068 (1963). However, the proper time to exercise this discretion is when the successive petition has been filed and after there has been a prior "hearing on the merits." 28 U.S.C. § 2244(b).

of a prisoner in obtaining prompt federal consideration of exhausted claims. United States ex rel. Boyance v. Myers, 372 F.2d 111, 112 (3 Cir. 1967).

We wish to express our thanks to Mr. Peter Lushing for the preparation undertaken in connection with this appeal and the presentation thereof.

Reversed and remanded for consideration of petitioners' State exhausted claims.