Application of Raymond C. NIELSON
for a Writ of Habeas Corpus,
Appellant.

No. 19979.

United States Court of Appeals,
Eighth Circuit.

Aug. 4, 1970.

Mead Bailey, Sioux Falls, S. D., appointed for appellant; Raymond C. Nielson on brief pro se.

Gordon Mydland, Atty. Gen. of South Dakota, and Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for appellee.

Before MEHAFFY and BRIGHT, Circuit Judges, and HARPER, Chief District Judge.

HARPER, Chief District Judge.

Raymond C. Nielson is confined in the South Dakota State Penitentiary serving two concurrent three-year sentences imposed October 30, 1967, upon his conviction of two counts of forgery in the third degree in the Third Judicial Circuit Court.

Nielson has appealed from Judge Nichol's denial of his application for federal habeas corpus relief pursuant to 28 U.S.C.A. §§ 2241, 2254. This court appointed George W. Kunkle as attorney for appellant immediately after the appellant was granted leave to proceed on appeal in forma pauperis. George W. Kunkle was later relieved by the court and Theodore Mead Bailey, Jr., was appointed as appellant's attorney. Before Bailey was appointed, the appellant filed with the court a handwritten brief. The order appointing Bailey provided in part: "Typewritten briefs to be filed if additional briefs are thought necessary." Bailey examined the original files, the briefs filed by the appellant and the appellee, and thereafter advised the clerk of this court by letter that this case can be fairly submitted on the briefs extant without oral argument.

Nielson claims that federal habeas relief should be granted because he was denied the right to appeal from his conviction and sentence. The district court, after a hearing on the matter, denied the application without prejudice upon a finding that Nielson had not exhausted his state remedies. Judge Nichol's memorandum is reported at 301 F.Supp. 726.

There is no dispute as to the facts with regard to the issue of exhaustion of state remedies. Nielson filed pro se an original writ of habeas corpus with the South Dakota Supreme Court and the same was denied on May 1, 1968. Nielson then filed a petition for writ of habeas corpus in the Circuit Court for the Second Judicial Circuit and a hearing was held before the Honorable Andrew W. Bogue on December 11, 1968. At that hearing Nielson agreed to the assistance of counsel for subsequent pursuance of state-court remedies, and specifically requested the services of Mr. Frank Denholm, who was thereafter asked to assist Nielson. On December 17, 1968, Judge Bogue quashed the writ of habeas corpus. By letter dated May 12, 1969, Nielson advised Judge Bogue that he was abandoning his state-court remedies by foregoing the services of Mr. Denholm, and that he was resorting to federal remedies. No appeal was taken from the quash order of December 17, 1968.

The District Court found that Nielson's failure to appeal the adverse decision of the Circuit Court of the Second Judicial Circuit constituted a deliberate bypass of appellate review.

Section 2254, Title 28 U.S.C.A. provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of

circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The district court had no power to grant the relief requested under the above section if the applicant had not exhausted the remedies available in the State.

■ Although Nielson attempted an original writ of habeas corpus in the South Dakota Supreme Court, which was denied, that court has never ruled on the merits of Nielson's contention that he was denied the right to appeal from his judgment and sentence. The South Dakota Supreme Court has original jurisdiction over writs of habeas corpus by virtue of Article V, section 3 of the Constitution. But, 15–25–1 SDCL 1967 provides that the exercise of the original jurisdiction granted the Supreme Court by that section is reserved for the consideration of matters of prerogative, extraordinary and general concern. Therefore, the South Dakota Supreme Court will not rule on the merits of original writ of habeas corpus except where the State's interests are in some way directly concerned. Everitt v. Board of Commissioners of Hughes County, 1 S.D. 365, 47 N.W. 296 (1890). The state court remedies have not been exhausted with respect to the habeas corpus relief.

In addition, Chapter 23–52 SDCL 1967 provides for post conviction remedies. The chapter provides a right to secure relief from a conviction or sentence that is unlawful or unconstitutional (23–52–1 SDCL 1967). A petition for relief under this chapter may be filed at any time (23–52–4 SDCL 1967), and appointment of counsel for the indigent is provided for (23–52–8 SDCL 1967). The record

**1032**

in the present case indicates that Nielson may have attempted post conviction relief, pro se, in January, 1968, by way of a "Petition for Appeal under Uniform Post-Conviction Procedure Act" to the Circuit Court of the Third Judicial Circuit. The Honorable H. O. Lund, Circuit Judge, observed that the petition was entirely insufficient under the Act and dismissed the petition without prejudice to the filing of another petition in compliance with the statute. Nielson has not pursued this remedy further.

■ Assuming that a meritorious ground for post conviction relief exists, Nielson could proceed within the framework of the Uniform Post-Conviction Relief Act, Chapter 23–52 SDCL 1967. The fact that Nielson has already sought relief by habeas corpus in the state court does not appear to be a bar to relief under the post conviction relief statute. However, the interrelationship between the two remedies would seem to be a matter for consideration by the state court in the first instance.

■ At any rate, it is clear that Nielson did not appeal the quash order of December 17, 1968, and has presented nothing to this court to show that the failure was other than a deliberate bypass of review by the Supreme Court. It appears that Nielson has adequate post conviction relief remedies yet available in the state courts of South Dakota. The petitioner not having exhausted his state remedies, the relief by writ of habeas corpus under 28 U.S.C.A. § 2254 is not available. Barry v. McTaggart, 8 Cir., 351 F.2d 944; Kinnell v. Crouse, 10 Cir., 384 F.2d 811, cert. den. 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 98.

The district court correctly denied relief with no ruling on the merits of the claims therein and without prejudice to Nielson to bring a subsequent writ upon the exhaustion of his state-court remedies.

The district court's order is affirmed.