UNITED STATES of America ex rel. Frederick FERGUSON, Petitioner,

v.

Hon. John T. DEEGAN, Superintendent, Auburn Correctional Facility, Respondent.

No. 70 Civ. 4465.

United States District Court, S. D. New York.

Feb. 10, 1971.

**43**

EDWARD WEINFELD, District Judge.

Petitioner was indicted in the Supreme Court of the State of New York, Bronx County, in two separate counts, manslaughter in the first degree, for the stabbing to death of two women. Thereafter, represented by court-appointed counsel, he offered to plead guilty to manslaughter in the second degree, the plea to cover both counts. The District Attorney recommended acceptance of the proffered plea, which was duly entered; thereafter and following the receipt of a probation report, the court imposed a sentence of from seven and a half to fifteen years, which petitioner is presently serving at Auburn Correctional Facility, Auburn, New York. The judgment of conviction entered upon the plea of guilty was affirmed upon direct appeal by the Appellate Division:[1] leave to appeal to the Court of Appeals was denied.

Petitioner now seeks his release upon a federal writ of habeas corpus upon allegations that he was deprived of his constitutional right (1) to effective and adequate representation because his lawyer failed to advise him (a) that the judge must inquire into the facts surrounding the crime and the offer to plead guilty; and (b) that he had a "possible trial defense of self defense"; and (2) to due process of law because the court, before acceptance of his guilty plea, had failed to inquire into the facts and circumstances surrounding the crime.

A study of the brief submitted to the Appellate Division upon petitioner's direct appeal indicates no attack was made upon the judgment of conviction for the alleged deprivation of his right under the Sixth Amendment to competent representation. Accordingly, this claim is dismissed for failure to exhaust state remedies.[2]

Frederick Ferguson, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Benton J. Levy, Asst. Atty. Gen., of counsel.

1. People v. Ferguson, 30 A.D.2d 776, 291 N.Y.S.2d 1006 (1968).

2. 28 U.S.C. § 2254; United States ex rel. Molinas v. Mancusi, 370 F.2d 601 (2d Cir.), cert. denied, 386 U.S. 984, 87 S.Ct. 1285, 18 L.Ed.2d 232 (1967); United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965).

44

 The claim that the judge failed to inquire into the circumstances of the plea and the facts concerning the crime was urged upon appeal as a ground for the vacatur of the judgment of conviction. However, petitioner alleges that had the judge made a detailed inquiry, it would "have made petitioner aware of the defense of self defense." In this circumstance, the latter claim is so substantially related to the unexhausted claim that it, too, should be dismissed, but without prejudice to a renewal after state court determination of petitioner's unexhausted claim.[3] Moreover, despite petitioner's contention to the contrary, the minutes of the plea entry indicate that petitioner was questioned by the court as to the crimes and also as to the voluntariness of the plea. While it is true that there was no in-depth questioning, as required by Boykin v. Alabama,[4] petitioner, in response to the court's questioning, admitted the basic facts of the crime to which he pleaded guilty and stated that the plea was not the result of any inducement or promises. Upon the record it appears that the plea was voluntarily and intelligently entered by petitioner while represented by counsel, and no factual matter, as distinguished from conclusory allegations, has been submitted which in any respect impugns the validity of the plea. In any event, Boykin, upon which petitioner heavily relies, is not retroactive.[5]

The petition is dismissed, but without prejudice to renewal upon exhaustion of state remedies.

---

3. *Compare* United States ex rel. DeFlumer v. Mancusi, 380 F.2d 1018 (2d Cir. 1967) (whole petition dismissed where two claims were related and state remedies had been exhausted as to only one); United States ex rel. McBride v. Fay, 370 F.2d 547 (2d Cir. 1966); United States ex rel. Brock v. La Vallee, 306 F.Supp. 159 (S.D.N.Y. 1969) (whole petition dismissed where three unexhausted claims were joined with one exhausted but related claim) *with* United States ex rel. Levy v. McMann, 394 F.2d 402 (2d Cir. 1968) (where unexhausted claims are unrelated to the principal exhausted claim or frivolous, the exhausted claim should be considered); United States ex rel. Sniffen v. Follette, 393 F.2d 726 (2d Cir. 1968) (where un-

related claim was pending in state court, federal court should not decline to consider separate and exhausted claim).

4. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

5. United States ex rel. Rogers v. Adams, 435 F.2d 1372, 2d Cir. 1970; United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1969). *Cf.* Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) (McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which mandates literal compliance by federal judges with Fed.R.Crim.P. Rule 11, and which may be considered the counterpart of *Boykin*, is not retroactive).