**UNITED STATES of America ex rel. Herbert REID, Petitioner,**

v.

**Kenneth DUNHAM, Warden of Arthur Kill Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents.**

No. 79 C 820.

United States District Court, E. D. New York.

Sept. 27, 1979.

---

1. The letter is quoted in full in our earlier opinion in this case, which appears at 481 F.Supp. 361.

Herbert Reid, pro se.

Eugene Gold, Dist. Atty., Kings County by William Gurin, Asst. Dist. Atty., Brooklyn, N. Y., for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner, Herbert Reid, *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was found guilty by a jury and convicted of two counts of Robbery in the First Degree in New York Supreme Court, Kings County, on January 3, 1977, and was sentenced to a maximum of twenty-five (25) years imprisonment.* Petitioner's conviction was affirmed by the Appellate Division, Second Department, 66 A.D.2d 1034, 417 N.Y.S.2d 94 (2d Dept. 1978), and leave to appeal was denied by the Court of Appeals (Wachtler, J.).

Petitioner states three grounds in support of his present petition for habeas corpus. First, he asserts that he was denied a fair trial in that the attention of the jury was focused on a prior weapons conviction. Second, he asserts that he was denied due process in that two prosecution witnesses were "threatened [by the assistant district attorney] . . . with prosecution in connection with an illegal social club if they did not alter their testimony on redirect examination," and that the trial court erroneously allowed these two witnesses to be recalled to testify. Third, he asserts that the trial judge committed an act of judicial misconduct by refusing to recuse himself at the request of petitioner's co-defendant.

■ 28 U.S.C. § 2254(b) requires that a petitioner seeking habeas corpus relief exhaust his available State remedies before petitioning a federal court. In the interest of federal-state comity, a petitioner's claims are not cognizable in federal court absent exhaustion of State remedies. The State courts must have the first opportunity to consider claims sought to be vindicated and to correct asserted defects. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Petitioner based his appeals in the State courts on the first and third grounds asserted in the present petition. He did not, however, raise the first part of the second ground, that dealing with the threats to the two prosecution witnesses. Thus, the petition presented to this Court contains both exhausted and unexhausted claims for relief.

■ The question then arises as to whether or not this Court should decide the merits of those grounds as to which petitioner has exhausted his State remedies, in view of the fact that they appear in a single petition with his unexhausted grounds. Generally, where unexhausted claims appear frivolous or are unrelated to the exhausted claims the Court should not dismiss the entire petition and should instead pass upon the merits of the exhausted grounds. *See, e. g., United States ex rel. Anunziato v. Deegan*, 440 F.2d 304 (2d Cir. 1971); *United States ex rel. Levy v. McMann*, 394 F.2d 402 (2d Cir. 1968); *United States ex rel. Wilson v. LaVallee*, 367 F.2d 351 (2d Cir. 1966). The reason for such a practice is that the desirability of adjudicating all grounds in a single habeas corpus petition does not outweigh the petitioner interest in obtaining prompt federal consideration of his exhausted claims. *United States ex rel. Levy v. McMann, supra*, 394 F.2d at 404.

■ However, it has been held in this Circuit that where a single petition contains both exhausted and unexhausted claims and the exhausted claims are substantially related to the unexhausted claims, the Court should dismiss the petition without prejudice to a renewal after State court consideration of the newly-raised issues. *See United States ex rel. DeFlumer v. Mancusi*, 380 F.2d 1018 (2d Cir. 1967); *United States v. McMann*, 348 F.2d 896 (2d Cir. 1965); *United States ex rel. Ferguson v. Deegan*, 323 F.Supp. 42 (S.D.N.Y.1971). This rule has developed for reasons of comity since a federal determination of the exhausted claims would probably interfere with State courts' subsequent determination of the unexhausted claims. *Gonzales v. Stone*, 546

---

* Petitioner was subsequently convicted of a third degree weapons possession charge on January 20, 1977. That conviction has been the subject of a separate habeas corpus petition and Memorandum and Order by this Court. (Docket No. 79 C 340)

F.2d 807, 809 (9th Cir. 1976). Moreover, the rule is designed to prevent piecemeal litigation pursuant to the judicial policy stated in *Parr v. United States*, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1976); *Gonzales, supra*, 546 F.2d at 809.

It appears from the petition before this Court that the petitioner's unexhausted claim is not sufficiently related to his exhausted claims so as to foreclose this Court from addressing his exhausted claims in this Memorandum and Order. Accordingly, petitioner's exhausted grounds will be considered here.

■■ Petitioner first asks for relief on the basis of the trial judge's admission into evidence of a prior criminal conviction, which admission allegedly denied petitioner a fair trial. At the outset, it should be noted that federal habeas corpus review of State criminal convictions is limited to those errors of constitutional magnitude which have denied a petitioner the procedural fairness required by the Fourteenth Amendment. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Mapp v. Warden*, 531 F.2d 1167 (2d Cir.), *cert. denied*, 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976). Further, State court evidentiary rulings generally do not rise to the constitutional level and are not cognizable in a federal habeas corpus proceeding absent a showing that the challenged ruling deprived the petitioner of a specific right guaranteed by the Constitution. *Manning v. Rose*, 507 F.2d 889, 892 (6th Cir. 1974).

■ Petitioner has not made such a showing here. The petition before the Court points to no specific abridgement of any constitutional right of the petitioner by the trial judge's admission for impeachment purposes of the prior weapons conviction. Indeed, the petition states only in a conclusory fashion that the ruling allowed the prosecution to focus attention on the prior conviction and thereby prejudice the jury. It is clear, however, that in New York the introduction of evidence of previous convictions of a witness—including a defendant in a criminal proceeding—is permissible for impeachment purposes and within the discretion of the trial judge. *See People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974); *People v. Duffy*, 44 A.D.2d 298, 354 N.Y.S.2d 672, *aff'd* 36 N.Y.2d 258, 367 N.Y.S.2d 236, 326 N.E.2d 804, *cert. denied* 423 U.S. 861, 96 S.Ct. 116, 46 L.Ed.2d 88 (1974). In addition New York C.P.L. § 60.40 subd. (1) states: "If in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction." Thus, in the case at bar, the State trial judge was free to permit the initial questioning of petitioner about his prior weapons conviction, and the prosecution was entitled to prove the contrary of petitioner's denial, both of which were done.

■ This Court is satisfied that the trial judge made a good faith determination that the prior conviction was relevant to the credibility of the defendant on the stand and properly admitted it.** In addition, any undue attention drawn to the prior conviction more than likely resulted from petitioner's denial of the conviction on the stand and his subsequent assertion that the weapons involved in that conviction were planted by the police. *See* Trial Transcript at 715 et seq.

Accordingly, this Court finds petitioner's first ground to be without merit and will not grant relief on that basis.

■ The petitioner next asserts that he was denied due process by the trial judge's action in allowing the prosecution to recall two witnesses whose testimony had purportedly been completed the day before. It is well settled in New York that such a

---

** The record indicates that the State trial judge considered the issue with some care and made his determination only after examination of the relevant case law. Trial Transcript at 227–231, 542. Further, the trial judge coupled the introduction of the weapons conviction with proper limiting instructions to the jury. *Id.* at 542, 628–29.

matter is well within the discretion of the trial judge, a point acknowledged by the petitioner in his brief submitted to the Appellate Division in his State appeal. (Defendant-Appellant's Brief at 10). New York C.P.L. § 260.30(7) (McKinney's 1971) states that even after one side has rested the court may permit that party "to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party's original case."

The record here clearly indicates that the People had not yet even rested when the judge allowed the recall of the two witnesses. The judge stated at the time that he was allowing the recall "in the interest of justice" and that he would "in no way restrict the cross-examination of these witnesses by defense counsel." Trial Transcript at 361. The trial judge did not improperly exercise his discretion within both the statutory and traditional parameters long established in New York as to his control of the presentation of evidence at trial.

Therefore, this Court finds that this part of petitioner's second ground does not rise to the level of a constitutional infirmity and rejects it as being without merit.

Finally, petitioner asserts that he is entitled to relief because of the trial judge's refusal to recuse himself at the request of petitioner's co-defendant. It is clear from the record, however, that petitioner lacks standing at this point to assert on his own behalf any rights of his co-defendant which may have existed at trial. Petitioner did not join in his co-defendant's motion for disqualification at trial, and raised the issue for the first time on his appeal to the Appellate Division. Even at that point, petitioner failed to cite any evidence in the record of bias by the judge directed against either petitioner or his co-defendant. In that appeal, as in the instant petition, petitioner's sole basis for his contention was that his co-defendant had been convicted in an earlier trial before the same judge and that "at least thirty-seven other judges sitting in Kings County" were available to take the case. (Defendant-Appellant's Brief at 11).

In view of petitioner's failure to pursue the issue at trial and the absence of any clear prejudice to petitioner flowing from the trial judge's refusal to disqualify himself, this Court rejects petitioner's third ground for relief. It, like the two grounds rejected above, fails to present an issue of constitutional dimension entitling petitioner to Federal habeas corpus relief.

Accordingly, the present petition must, and the same hereby is, denied as to the first and third grounds, and that part of the second ground dealing with the recall of the two prosecution witnesses. That part of petitioner's second ground dealing with the alleged threats to the two witnesses is hereby dismissed without prejudice to a renewal after exhaustion of State remedies.

SO ORDERED.