**UNITED STATES of America ex rel. John SAVINO, Petitioner,**

v.

**Walter FLOOD, Warden, Nassau County Correctional Facility, Respondent.**

No. 79C 1936.

United States District Court, E. D. New York.

Dec. 28, 1979.

John Joseph Sutter, by Ruth C. Balkin, Mineola, N. Y., for petitioner.

Denis Dillon, Dist. Atty., Nassau County, by Shulamit Rosenblum, Asst. Dist. Atty., Mineola, N. Y., for respondent.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner, John Savino, has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in Nassau County Court, petitioner was convicted on November 6, 1974 of four counts of promoting gambling in the second degree, in violation of New York Penal Law § 225.05 (McKinney's 1967). Through an elaborate combination of consecutive and concurrent sentences, the trial judge ultimately sentenced petitioner to three consecutive one-year terms of imprisonment, on the theory that each count represented a discrete criminal offense subject to the statutory maximum penalty.[1] Petitioner is currently serving his sentence at the Nassau County Correctional Facility.

Petitioner sets forth essentially three grounds for federal habeas corpus relief. First, he argues that his sentence constitutes cruel and unusual punishment, in violation of the Eighth Amendment. Second, he contends that he was denied both due process and equal protection, guaranteed by the Fourteenth Amendment, because a co-defendant convicted on similar counts received a different sentence. Third, he asserts that his sentence is illegal in that it violates Penal Law § 70.25(2) and (3), which prohibit definite consecutive sentences from exceeding one year in the aggregate where the acts which are the subject of the punishment arose from the same transaction or parts of a single incident.

By order to show cause dated August 28, 1979, we directed respondent to appear and argue in opposition to the petition. The parties appeared on September 21, 1979, and we reserved decision, primarily on the issue of whether petitioner has properly exhausted his State remedies, as required by 28 U.S.C. § 2254(b) and (c), on his first and second grounds for relief. We find that he has not and dismiss the petition as to those grounds.

---

1. Each violation of Penal Law § 225.05 is a Class A misdemeanor, carrying a maximum term of one year. *See* Penal Law § 70.15. It should be noted that petitioner's sentence will actually amount to a total of only two years because of the operation of Penal Law § 70.-30(2)(b), which mandates a two-year maximum on definite consecutive sentences to be served in a single institution.

## I

To facilitate understanding of our decision, we set forth the post-conviction history of the case in some detail.

Petitioner appealed his conviction in timely fashion to the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, Second Department. That Court, with a memorandum opinion, reversed the judgment of the Nassau County Court on the law. The New York Court of Appeals granted respondent leave to appeal, and unanimously reversed the Appellate Term, remanding the case to that Court in an opinion rendered March 23, 1978. *People v. Savino*, 44 N.Y.2d 669, 405 N.Y.S.2d 35, 376 N.E.2d 196 (1978). Subsequently, on respondent's motion to amend the remittitur, the Court of Appeals remanded the case instead to the Appellate Division, Second Department, in response to an intervening change in Article 6, § 8(d) of the New York Constitution which altered the jurisdiction of the Appellate Term.

In a memorandum opinion, the Appellate Division affirmed petitioner's conviction and remitted the case to the County Court for petitioner's surrender to begin serving his sentence. *People v. Savino*, 65 A.D.2d 803, 411 N.Y.S.2d 195 (2d Dept. 1978). The Court of Appeals (Wachtler, J.) denied petitioner leave to appeal the Appellate Division's affirmance on January 3, 1979.

Petitioner then filed in this Court, on April 25, 1979, a first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, relying on exactly the same grounds he advances in the present petition. On petitioner's motion, we dismissed the petition without prejudice to a renewal because petitioner had failed to exhaust State remedies as to his Eighth and Fourteenth Amendment grounds. It was clear at that point that petitioner had put before the State appellate courts only the argument that his sentence violated Penal Law § 70.-25(2) and (3). The dispositions, then, of the Appellate Division and the Court of Appeals, as well as the latter's ultimate denial of leave to appeal, were all founded exclusively on the interpretation of State law.

Thereafter, petitioner sought to correct his conceded failure to exhaust by filing a verified petition for a State writ of habeas corpus, pursuant to New York CPLR Art. 70, in Supreme Court, Nassau County. He there asserted precisely the same grounds for relief as in his first petition here and in the present petition now before this Court. In an unreported memorandum opinion dated July 16, 1979, the Court dismissed the petition as meritless. The Court concurred with the appellate courts that petitioner's sentence was legal and proper as a matter of statutory construction. The Court also addressed, albeit briefly, petitioner's claims of "cruel and unusual punishment" and denial of equal protection, rejecting both.

Eleven days later, petitioner filed the present petition.

## II

Subsection (b) of 28 U.S.C. § 2254 provides in pertinent part that a Federal Court may not consider a State prisoner's habeas corpus petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is . . . an absence of available State corrective process . . ." Further, subsection (c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."

This codification of the exhaustion-of-state-remedies doctrine reflects a long tradition in the case law. *See, e. g., Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Nelson v. George*, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); *Ennis v. LeFevre*, 560 F.2d 1072 (2d Cir. 1977), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1625, 56 L.Ed.2d 70 (1978). The policy underlying the doctrine has often been stated to be that of federal-state comity. *Picard, supra*, 404 U.S. at 275, 92 S.Ct. 509; *Fay v. Noia*, 372 U.S. 391, 419–20, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The result of the doctrine has been "an accommodation of

our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408–409, 30 L.Ed.2d 418 (1971), *quoting Fay, supra,* 372 U.S. at 438, 83 S.Ct. 822.

■ An important corollary of the exhaustion doctrine is that the federal claim urged in a habeas corpus petition must actually have been presented to the State courts. Although it is often difficult to put precise labels on various claims, it is clear that "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard, supra,* 404 U.S. at 275–276, 92 S.Ct. at 512. Practical identity of the claims is required because "[t]he rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Id.* at 276, 92 S.Ct. at 512.

■ Petitioner's first petition here failed on the last point. Although it could fairly be said that he "[had] been through the state courts," at no time had he argued that his sentence violated the Eighth and Fourteenth Amendments. Petitioner's acknowledgment of this deficiency and his subsequent attempt to correct it by seeking the State writ present us with the narrow question which we must now decide: whether an unsuccessful State collateral attack, without appeal, serves to correct an earlier failure to present constitutional claims to the State appellate courts so as to exhaust State remedies and preserve the claims for federal habeas corpus review.

In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court established the "deliberate by-pass" standard, whereby a State procedural default serves as a bar to federal habeas corpus review. The Court held that a Federal Court, in its discretion, may "deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Id.,* 372 U.S. at 438, 83 S.Ct. at 849. At issue in *Fay* was whether a knowing and intelligent failure to appeal arguments properly raised and rejected in state proceedings fall within the deliberate by-pass standard, so as to preclude later federal habeas corpus review. The Court concluded that it did, provided that the failure to pursue the right to appeal was "knowing or actual," an "intentional relinquishment or abandonment of a known right or privilege." [2] *Id.* at 439, 83 S.Ct. at 849.

More recently, the Court has substantially restricted the sweeping protection afforded by *Fay* and has limited the circumstances under which failure to exhaust State remedies does not bar federal habeas corpus review. In *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), and again in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Court directed that federal habeas corpus review is barred following a State procedural waiver, absent a showing of "cause" and "prejudice" attendant to the waiver. [3] In adopting the procedural waiver

**2.** Applying this test to the facts in *Fay,* the Court went on to hold that no "intentional relinquishment" of the right had taken place. The petitioner there faced the "grisly choice" between acquiescence in a life sentence and pursuit of an appeal that could have resulted in a sentence of death. Under the circumstances, petitioner's election to forego the appeal could not be considered a deliberate circumvention of State procedures. *Id.* at 439–40, 83 S.Ct. 822.

**3.** In *Francis,* the State procedural rule giving rise to the waiver required that grand jury composition challenges be made before trial. The Court rested its holding not on the power of the federal courts but on "considerations of comity and concerns for the orderly adminis-

tration of criminal justice . . . ." 425 U.S. at 538–39, 96 S.Ct. at 1710. This focus was a natural result of a case decided three years earlier, *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), in which the Court held that relief under 28 U.S.C. § 2255 was unavailable to a federal prisoner who raised a grand jury challenge for the first time in his petition, in direct contravention of *Fed.R. Crim.P.* 12(b)(2), which provides that such challenges be made "by motion before trial." In *Sykes,* the Court expressly applied the principles of *Francis* to a waived objection to the admission of a confession at trial.

In both cases, the Court concluded that the respective state rules comported with the Constitution, and the failures in their observance

concept, the Court rejected the *dicta* in *Fay* which directed the focus to the state of mind of the petitioner and his counsel, in order to determine whether the by-pass of State procedures had been "deliberate" and "intentional." The burden has thus shifted to the petitioner to conclusively demonstrate cause for the waiver and actual prejudice resulting from it.

A number of the federal Courts of Appeals have since applied the *Francis-Wainwright* principle to the failure to take a direct state appeal. *See, e. g., Sincox v. United States*, 571 F.2d 876 (5th Cir. 1978); *Williams v. Perini*, 557 F.2d 1221 (6th Cir. 1977); *Evans v. Maggio*, 557 F.2d 430 (5th Cir. 1977); *Application of Nielson*, 430 F.2d 1030 (8th Cir. 1970); *Cf. Boyer v. Patton*, 579 F.2d 284 (3d Cir. 1978) (suggestion that *Fay* standard still governs failure to appeal). *Williams, supra*, and *Nielson, supra*, are especially apposite here: both applied the principle to the failure to take a direct appeal from a denial of a State habeas corpus petition prior to the filing of a federal petition asserting the same grounds. Without a showing of cause and prejudice, the district courts properly dismissed the petitions for failure to exhaust State remedies. *But see Jones v. Shell*, 572 F.2d 1278, 1280 n.3 (8th Cir. 1978) (failure to appeal denial of State post-conviction relief not conclusive of failure to exhaust, "unless he has knowingly and deliberately waived the appeal.").

■ Under either the more expansive *Fay* approach or the restrictive *Francis-Wainwright* approach, petitioner's failure here to appeal the denial of his State habeas corpus petition before bringing the present petition must be construed as a State procedural waiver which forecloses our review of the petition on the merits. Without question, the failure to appeal must be seen as knowing and deliberate:

the speed with which petitioner filed the present petition following the State denial clearly implies that the State petition was filed merely in response to this Court's suggestion to exhaust State remedies and not for the purpose of actually seeking vindication of asserted constitutional rights. We are convinced that the State petition was filed as a *pro forma* gesture only to facilitate getting petitioner's claims again before this Court. By foregoing the right to direct appeal from the denial provided for in CPLR § 7011, and by doing so even before the expiration of the period allowed for such an appeal,[4] petitioner deliberately by-passed an available State remedy and circumvented the "orderly procedures of the state courts." *Fay, supra*, 372 U.S. at 438, 83 S.Ct. at 849. Thus, petitioner cannot now argue that the appeal is unavailable to him and that he has thus exhausted his State remedies.

Additionally, petitioner has not put before us any showing of "cause" for failing to appeal the State denial or any actual "prejudice" accruing to him thereby. Under any applicable standard, then, petitioner cannot rely on the current unavailability of any State corrective process to have us review the merits of his constitutional claims now. By reason of his failure to exhaust, and by reason of his waiver of then-available State procedural avenues to pursue his constitutional claims, we may and do exercise our discretion to dismiss the petition as to his Eighth and Fourteenth Amendment grounds for relief.

### III

■ The question then arises as to whether or not this Court should decide the merits of the single ground as to which petitioner has exhausted his State remedies, in view of the fact that it appears in a single petition with his unexhausted

---

amounted to "independent and adequate state procedural ground[s] which would have prevented direct review" in the Supreme Court. *Sykes*, 433 U.S. at 87, 97 S.Ct. at 2506. By analogy, then, the lower federal courts would be foreclosed from review on a habeas corpus collateral attack.

4. CPLR § 5513 provides that an appeal as of right, such as the one provided for in § 7011, may be taken up to thirty days following the entry of the judgment appealed from.

grounds. Generally, where unexhausted claims appear frivolous or are unrelated to exhausted claims the Court should not dismiss the entire petition and should instead pass upon the merits of the exhausted grounds. *See, e. g., United States ex rel. Annunziato v. Deegan,* 440 F.2d 304 (2d Cir. 1971); *United States ex rel. Levy v. McMann,* 394 F.2d 402 (2d Cir. 1968); *United States ex rel. Wilson v. LaVallee,* 367 F.2d 351 (2d Cir. 1966); *United States ex rel. Reid v. Dunham,* 481 F.Supp. 366, 79 (E.D.N.Y. 1979) (Platt, D. J.). The reason for such a practice is that the desirability of adjudicating all grounds in a single habeas corpus petition does not outweigh the petitioner's interest in obtaining prompt federal consideration of his exhausted claims. *United States ex rel. Levy v. McMann, supra,* 394 F.2d at 404.

■ Moreover, it has been held in this Circuit that where a single petition contains both exhausted and unexhausted claims and the exhausted claims are substantially related to the unexhausted claims, the Court should dismiss the petition without prejudice to a renewal after State court consideration of the newly-raised issues. *See United States ex rel. DeFlumer v. Mancusi,* 380 F.2d 1018 (2d Cir. 1967); *United States v. McMann,* 348 F.2d 896 (2d Cir. 1965); *United States ex rel. Ferguson v. Deegan,* 323 F.Supp. 42 (S.D.N.Y.1971). This rule has developed for reasons of comity since a federal determination of the exhausted claims would probably interfere with the State courts' subsequent determination of the unexhausted claims. *Gonzales v. Stone,* 546 F.2d 807, 809 (9th Cir. 1976). Additionally, the rule is designed to prevent piecemeal litigation, pursuant to the judicial policy stated in *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956); *Gonzales, supra,* 546 F.2d at 809.

■ However, it appears from the petition before this Court that petitioner's unexhausted claims are not sufficiently related to his exhausted claim so as to foreclose us from addressing the latter in this Memorandum and Order. Accordingly, we turn to it now.

Petitioner argues here, as he did throughout his State appeals and in his State habeas corpus proceeding, that the imposition of three consecutive one-year terms violated Penal Law § 70.25(2) and (3).[5] The crux of his argument is that all four counts on which he was convicted represented parts of a continuing gambling scheme, and not separate incidents as the sentencing judge decided. Under petitioner's theory, his maximum term of incarceration through consecutive sentences would be one year.

■ We need not address petitioner's contention in any detail, however. It is well settled that the interpretation of State statutes is purely within the domain of State courts, and is beyond the reach of a federal court in a habeas corpus proceeding, unless it is clearly shown that a State's judicial interpretation violates fundamental rights guaranteed by the Constitution. *Wainwright v. Sykes, supra; Storti v. Massachusetts,* 183 U.S. 138, 22 S.Ct. 72, 46 L.Ed. 120 (1901); *Poole v. Fitzharris,* 396 F.2d 544 (9th Cir. 1968); *United States ex rel. Kirchner v. Johnstone,* 454 F.Supp. 14 (E.D.Pa.1978). Since petitioner objects only to the way the State courts applied the language of Penal Law § 70.25(2) and (3) to the facts of his case, we cannot and will not disturb their determination. *See Pierce v. Oklahoma,* 436 F.Supp. 1026 (W.D.Okla. 1977); *see also Cavanaugh v. Maine,* 88 F.Supp. 558 (D.Me.1950) (question of illegality of sentence based on interpretation of

---

5. Penal Law § 70.25 provides:

"2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.

"3. Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year."

State statutes is a matter for the State courts and is not properly brought before federal court on a petition for a writ of habeas corpus). Thus, we deny petitioner the relief he seeks on his one exhausted ground.

Accordingly, for the reasons stated above, the petition must be, and the same hereby is, dismissed for failure to exhaust State remedies as to the first and second ground, and denied as to the third ground.

So ordered.