Elizabeth **LOCKLEAR**, Petitioner,

v.

Hildreth **HULTINE**, et al., Respondents.

No. 81–3079.

United States District Court,
D. Kansas.

Dec. 23, 1981.

Robert L. Feldt, Great Bend, Kan., for petitioner.

Joseph M. Fast, Asst. Atty. Gen., State of Kansas, Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court upon petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254. Petitioner is currently confined at the Larned State Hospital after a verdict of not guilty by reason of insanity on a first degree murder charge. She claims that the annual release hearing she received, and her continued commitment, violate her rights to due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and, further, that K.S.A. 22–3428 (1980 Supp.) and K.S.A. 22–3428a (1980 Supp.) are unconstitutional and violative of the due process and equal protection provisions of the constitution. Briefs have been filed and the court deems oral argument unnecessary. The court also finds that petitioner has exhausted her state remedies.

On September 29, 1979, petitioner was found not guilty by reason of insanity for the first degree murder of her nine-year-old son. Following the verdict, petitioner filed a motion with the Finney County District Court requesting her release from custody on the grounds that the mandatory commitment statutes, K.S.A. 22–3428 and 22–3428a, were unconstitutional. The state court denied her motion and ordered her committed to Larned State Hospital for safekeeping and treatment, pursuant to K.S.A. 22–3428. Petitioner appealed to the Kansas Court of Appeals. While the appeal was pending, the Kansas Supreme Court decided the case of *In re Jones*, 228 Kan. 90,

**984**

612 P.2d 1211 (1980). As a result of that decision, the Kansas .Court of Appeals entered a summary order of affirmance on petitioner's appeal.

Petitioner remained confined for one year, after which she applied for a hearing to obtain a release pursuant to K.S.A. 22–3428a. The hearing was held on March 9, 1981, in the Finney County District Court. Petitioner presented four witnesses, three exhibits, and testified herself. The State offered no evidence. The state court refused to admit petitioner's Exhibit C, the report prepared, pursuant to K.S.A. 22–3428a(1), by the Chief Medical Officer of Larned State Hospital. At the conclusion of the hearing, the state court ruled that petitioner was dangerous to herself or others unless she received continued psychological therapy and psychiatric care, and that she must return to her in-patient status at Larned State Hospital. The state court further found that there had been no viable re-entry plan presented to the court, as required by statute on a conditional release, and therefore there were not sufficient safeguards to protect the committed person and the citizenry of the state.

■ Despite recent United States Supreme Court decisions which would raise questions in the result, the Court finds that, at this time, it must accept the decision of the Kansas Supreme Court in *In re Jones, supra,* in upholding the constitutionality of K.S.A. 22–3428. That decision held that the due process clause was not violated, apparently because the insanity acquittee was tried before a jury on the issue of insanity at the time of the alleged crime. The court finds that such a hearing is the very minimum that could sustain the mandatory commitment of an insanity acquittee. *See People v. Chavez,* 629 P.2d 1040, 1050 (Colo. 1981) [where three events occurred prior to mandatory commitment]. Therefore, petitioner's claim that K.S.A. 22–3428 is unconstitutional does not support her petition for a writ of habeas corpus.

The court, therefore, will consider petitioner's challenges to K.S.A. 22–3428a. Petitioner asserts that the allocation of the burden of proof to her at the annual review hearing violates her rights to due process and equal protection under the Fifth and Fourteenth Amendments.

The United States Supreme Court stated, in *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972): "... Whether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.' *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 168, [71 S.Ct. 624, 626, 95 L.Ed. 817] (1951) (Frankfurter, J., concurring), quoted in *Goldberg v. Kelly,* 397 U.S. 254, 263, [90 S.Ct. 1011, 1018, 25 L.Ed.2d 287] (1970). The question is not merely the 'weight' of the individual's interest, but whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment. *Fuentes v. Shevin,* 407 U.S. 67, [92 S.Ct. 1983, 32 L.Ed.2d 556] (1972). Once it is determined that due process applies, the question remains what process is due. It has been said so often by this Court and others as not to require citation of authority that due process is flexible and calls for such procedural protections as the particular situation demands. '[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.' *Cafeteria & Restaurant Workers Union v. McElroy,* 367 U.S. 886, 895, [81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230] (1961). To say that the concept of due process is flexible does not mean that judges are at large to apply it to any and all relationships. Its flexibility is in its scope once it has been determined that some process is due it is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure."

■ Here, there is little doubt that petitioner has a substantial liberty interest in her release following a mandatory commit-

ment. Therefore, the court must determine what procedural protections are due. K.S.A. 22–3428a provides for adequate notice, counsel, the right to call witnesses and present evidence. However, at the hearing, petitioner must prove "by a preponderance of the evidence that the committed person is not dangerous to such person's self or others or property of others." K.S.A. 22–3428a(3). K.S.A. 22–3428 provides that a finding of not guilty by reason of insanity shall be *prima facie* evidence that the acquitted person is presently dangerous to the person's self or others or property of others. Under the Kansas scheme, the State has no burden to prove that the acquitted person is presently dangerous at any stage of the proceeding. The Kansas Supreme Court, in *Jones*, upheld the procedure for commitment as constitutional. Accepting that decision, this Court holds that when the State has committed the insanity acquittee on a minimum of procedural safeguards, that it cannot subsequently shift the burden of proof to the acquittee to obtain a release.

The court does not mean the State must accept the burden of proof; merely that it cannot cast the burden upon the insanity acquittee. The court approves the language in *United States v. Ecker*, 543 F.2d 178 (D.C.Cir.1976), which declared that in conditional release hearings, simply no burden of proof would be assigned:

"... '[p]roceedings involving the care and treatment of the mentally ill are not strictly adversary proceedings.' ...

 \* \* \* \* \* \*

"... These are truly investigatory proceedings in which traditional notions of proof are simply inapplicable. The [district court], the hospital, the patient, and the government share an obligation to elucidate and explore all the relevant facts." *Id.* at 192–93.

*See also, Benham v. Edwards*, 501 F.Supp. 1050 (N.D.Ga.1980); *Dixon v. Jacobs*, 427 F.2d 589, 598, n.29 (D.C.Cir.1970).

Having determined that the shifting of the burden of proof violates the due process clause, the court need not consider petitioner's claims of equal protection violations.

Finally, the court must consider whether petitioner's rights to due process were violated by the hearing she was granted. K.S.A. 22–3428a provides: "The chief medical officer [of the state hospital where the person is committed] ... shall conduct a mental examination of the person and shall send to the district court of the county where the person is hospitalized and to the county or district attorney of the county in which the person was originally ordered committed a report of such examination within twenty (20) days from the date upon which notice from the court was received." It is clear, under the statutory scheme, that the court is to evaluate the report in making its determination of an acquittee's mental state. In petitioner's release hearing, the trial court refused to consider the state hospital's report based upon a hearsay objection. This court finds that the legislature intended this report to be outside the hearsay rule for admitting evidence. First, in making such a report the chief medical officer would necessarily rely on reports of others in such matters as past medical history and treatment. Further, the reasons for the hearsay rule are at a minimum when the state officer performs a duty as prescribed by statute. The law presumes public officials will faithfully perform duties imposed upon them by law. *Bowers v. City of Kansas City*, 202 Kan. 268, 448 P.2d 6 (1968). Finally, the submission of the report is in keeping with the investigatory nature of the proceedings, rather than an adversary proceeding.

A further irregularity of the hearing occurred in the trial court's order. The trial court stated:

"3. The Court cannot find at this time that the committed person [petitioner] is not a danger to herself or others or the property of others unless, as shown by the evidence presented, she were to continue with some form of psychological therapy, psychiatric therapy or counseling on an out-patient basis.

"4. That there has been no viable reentry plan presented to the Court as re-

quired by statute in a conditional release and that there are not sufficient safeguards to protect the committed person and the citizenry of the state, and that therefore [petitioner] should not be discharged from Larned State Hospital."

K.S.A. 22–3428a provides:

"3. At such hearing the court may make any order that a court is empowered to make pursuant to subsection (3), (4) and (5) of K.S.A. 1980 Supp. 22–3428, and any amendments thereto. If the court finds the committed person is no longer dangerous to such person's self or others or property of others, the court shall order the person discharged; otherwise, the person shall remain committed or be conditionally release."

K.S.A. 22–3428 provides, in part:

"(3) ... At the conclusion of the hearing, if the court finds that the patient continues to be a danger to the patient's self or others or property of others, the court shall order the patient to remain in the state hospital, otherwise the court shall order the patient discharged or conditionally released. If the court finds from evidence presented at the hearing that the discharge of the patient will not pose a danger to the patient's self or to the self or property of others if the patient continues to take prescribed medication or to receive periodic psychiatric treatment or guidance counseling, the court may order the patient conditionally released in accordance with subsection (4) . . . .

"(4) In order to insure the safety and welfare of a patient who is to be conditionally released and the citizenry of the state the court may allow the patient to remain in custody at a facility under the supervision of the secretary of social and rehabilitation services for a period of time not to exceed thirty (30) days in order to permit sufficient time for said secretary to prepare recommendations to the court for a suitable re-entry program for the patient. Such re-entry program shall be specifically designed to facilitate the return of the patient to the communi-

ty as a functioning, self-supporting citizen, and may include appropriate supportive provisions for assistance in establishing residency, securing gainful employment, undergoing needed vocational rehabilitation, receiving marital and family counseling, and such other out-patient services that appear beneficial."

The Kansas Supreme Court, in *In re Noel*, 226 Kan. 536, 601 P.2d 1152 (1979), clearly placed the responsibility of ordering a conditional release upon the court:

"3. The court had no authority to shift the responsibility of fixing conditions of discharge (*i.e.*, reentry program), and of implementing and supervising same, to the Osawatomie State Hospital. If conditional discharge were to be ordered, it had to be on conditions specifically approved by the court. Further, no statutory authority exists for placing Noel under the supervision of a state hospital upon conditional discharge.

"4. The court had no authority to divest itself of jurisdiction of Noel during the conditional release, which is the effect of the order."

*Id.*, 226 Kan. at 555, 601 P.2d at 1167–68.

 It is well-settled that the interpretation of state statutes is purely within the domain of state courts, and is beyond the reach of a federal court in a habeas corpus proceeding, unless it is clearly shown that a state's judicial interpretation violates fundamental rights guaranteed by the constitution. *United States ex rel. Savino v. Flood*, 482 F.Supp. 228 (E.D.N.Y.1979). Here, the irregularities in the court's rulings and interpretations of the statute rendered the release hearing so unfair as to violate petitioner's right to due process.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's petition for writ of habeas corpus is hereby granted. However, the Court does not rule that petitioner is no longer dangerous to herself and others and others' property; merely that her procedural rights guaranteed by the constitution have been violated. Therefore, the Court finds that the State must be allowed an opportunity to correct this defi-

ciency. The Court will stay the enforcement of the writ for thirty (30) days and authorize its dissolution if the state court, within that period, and upon the motion of petitioner, provides a release hearing in accordance with the above opinion. The Court shall retain jurisdiction of the parties and the subject matter for the purpose of entering such further orders as may be appropriate.

The Clerk of this Court is directed to forward copies of this Memorandum and Order to petitioner, petitioner's counsel, respondents, and to the Attorney General for the State of Kansas.

IT IS SO ORDERED.